BRANEGAN and another, Administratrices, Respondents,
.vs. Town of Verona, Appellant.

*October 9—November 4, 1919.*

*Highways: Whether defective or not: Absence of barriers: Question for jury: Contributory negligence of driver of automobile: Trial: Instructions requested substantially covered by judge's charge.*

1. In an action against a town for damages for the death of plaintiffs' decedent, due to his automobile running off the bank of a turnpike, the question whether the absence of a railing or barrier rendered the highway unsafe is, under the circumstances, for the jury.
2. Almost innumerable circumstances, such as the topography of the locality, the development of the community, the standard of road construction therein attained, the amount and character of traffic, etc., are to be taken into consideration in determining whether a given condition renders a highway defective.
3. That decedent, whose death was due to his automobile running off the bank of a turnpike, turned from the beaten track a few inches when the road presented a muddy appearance, did not make him guilty of contributory negligence as a matter of law.
4. In order to satisfy the requirement of reasonable anticipation of injury to a traveler on a highway it is not necessary that the town board should have foreseen that the accident which happened might occur because of the absence of a barrier, the test being whether they should have foreseen that a vehicle running along the highway might be precipitated over the bank.
5. The court having charged the jury that "the defendant was in duty bound to keep so much of the width of the highway in such condition that it was reasonably safe for public travel over it with an automobile driven by persons while using ordinary care," which was substantially a correct statement of the law, the refusal to give a requested instruction that the defendant town "has performed its duty if it properly grades and prepares a part of the highway of reasonable width and keeps the same in a suitable condition for the use of passengers, either on foot or in a conveyance," is not reversible error.

6. Permitting respondents' attorney to cross-examine his own wit-
   ness was a matter peculiarly within the discretion of the trial
   court and cannot work a reversal of the judgment.

APPEAL from a judgment of the superior court of Dane
county: AUGUST C. HOPPMANN, Judge. *Affirmed.*

Action for damages occasioned by an alleged defective
highway.   On the 16th day of June, 1917, plaintiffs' de-
ceased was driving a Ford automobile north on the highway
in question.   He and his daughter *Gladys* were the only
occupants of the automobile.   The accident happened on a
grade or turnpike in a ravine or depression between two
hills or declines.   The traveled portion of the grade or turn-
pike was ten feet wide.   The turnpike was slightly elevated
above the surface of the ground on the east side of the high-
way, but on the left side of the highway there was an abrupt
decline to a distance of three and a half or four feet.   The
west wheel track was within a distance of three inches of the
edge of the grade.   Grass was growing on this three inches.
Grass and weeds growing up on the side of the decline grew
up even with the grass growing on the grade, obscuring the
fact that the sharp decline was there present.   There were
two wagon or automobile tracks on this grade, one of which
straddled one of the wheel tracks of the other.   As the de-
ceased came down the hill from the south the traveled por-
tion of this grade or turnpike presented a muddy appearance,
especially on the west side.   He kept well to the left.   Ac-
cording to the testimony of the daughter the right-hand
wheels were on the edge of the grass.   According to other
witnesses the right-hand wheels of the automobile were out
in the grass a distance of from twelve to eighteen inches; one
witness for the defense testifying that the right-hand wheel
was running "just off on the east edge of the bank there on
a wheel track that was out there.   It was right off, just a few
inches east of the black dirt; right along there in the dirt;
there was a wheel track there, and it was running in that."

It appears that at a point in close proximity to the place

where the accident occurred a small drain or gutter extended transversely across the traveled track a distance of about three or three and a half feet. It extended through the grass shoulder to lower ground. From the east edge of the shoulder where the gutter was about a foot across and five and a half inches deep, it extended into the traveled track a distance of three or three and a half feet, growing shallower and less pronounced. The evidence tends to show that when the front wheels of the automobile encountered this drain or gutter the automobile took a decisive turn to the left, sheered across the turnpike to the west side, where it ran off the west bank and overturned. The daughter was sitting on the right-hand side and was thrown clear of the automobile. The deceased, sitting on the left-hand side, was pinned beneath the automobile and died before he could be rescued. When the automobile overturned it was headed in a direction horizontal with the traveled track.

The jury returned a special verdict by which it was found (1) that the highway in question was not reasonably safe for public travel; (2) that such unsafe condition was the proximate cause of the death of the deceased; (3) that such unsafe condition had existed a sufficient length of time prior to the accident so that the defendant town in the exercise of ordinary care ought to have discovered its condition; (4) that the deceased was not guilty of contributory negligence; and (5 and 6) assessed damages. The court ordered judgment in favor of the plaintiffs on the verdict, from which judgment the defendant town appealed.

*William Ryan* of Madison, for the appellant.

For the respondents there was a brief by *Gilbert & Ela* of Madison, and oral argument by *F. L. Gilbert*.

OWEN, J. The defendant town urges reversal of the judgment because, as claimed, the evidence shows that the highway was reasonably safe for public travel; that the deceased was guilty of contributory negligence; that if the

highway was defective such defect was not the proximate cause of the accident; and because of refusal to charge the jury as requested.

It is undisputed that there was a sharp decline on the west side of the turnpike, which decline extended downward a distance of three or three and a half feet; that one of the wheel tracks came within three inches of the edge of this decline, and that no railing or barrier existed thereat to protect vehicles from going over the bank. The accident occurred because the automobile driven by deceased went over the bank and was overturned.

It is claimed by plaintiffs that the absence of a railing or barrier at the point in question rendered the highway defective and unsafe for public travel. In *Miner v. Rolling,* 167 Wis. 213, 167 N. W. 242, it was urged that the absence of a railing or barrier under similar circumstances rendered the highway defective as a matter of law. That contention was rejected, but it was held to be a jury question. So we must hold here. The dangers attending a very slight deviation from the traveled track on the west side of this turnpike are quite apparent, and the jury were entirely justified in finding that the highway was defective and unsafe for public travel as a result of the absence of a barrier or railing along the west side of the turnpike. Palpable cases may arise where the court can say that the absence of a barrier or railing along the edge of a highway does or does not constitute a defect as a matter of law. But, as a general rule, that is a jury question.

As was pointed out in *Wheeler v. Westport,* 30 Wis. 392, almost innumerable circumstances, such as the topography of the locality, the development of the community, the standard of road construction attained therein, the amount and character of traffic, etc., are to be taken into consideration in determining whether a given condition renders a highway defective. Such is still the law. That which will render one highway defective will not condemn another. Where the

building of a primitive dirt road strains the resources of a town, defects will be tolerated that will render another maintaining a concrete highway liable for damages. If in the development of the state accepted standards of road building require barriers at places such as we are considering, the legislature may so declare. Until then it must remain, as a general proposition, a question to be decided by a jury, and towns leave such questionable places unguarded at their peril. That portion of the verdict which finds that the highway was not reasonably safe for public travel cannot be disturbed.

It is urged that the deceased was guilty of contributory negligence because, it is alleged, the duty imposed upon towns requires them to keep only the traveled track in repair, and that his deviation from the traveled track was primarily responsible for the accident. In answer to this we may say, first, that the undisputed evidence does not show that he proceeded outside the traveled track, or at least outside the beaten track. The testimony of the daughter is that the right-hand wheels were on the edge of the grass. But, however that may be, it is certain that the right-hand wheels of the automobile were but a few inches east of the black dirt. A witness for the defendant, referred to in the statement of facts, said: "It was right off, just a few inches east of the black dirt; right along there in the dirt; there was a wheel track there, and it was running in that."

Defendant's counsel refers us to numerous cases in this state in which it is held that a traveler on a highway may not deviate from the traveled track and hold the town liable for injuries sustained at a point not within the traveled track of the highway. There is no case, however, cited to our attention which holds that a traveler on a highway turns from the beaten track a distance of a few inches at his own peril. The cases referred to all involve a complete deviation from the traveled track, the taking of a route entirely separate and apart from the one prepared by the town for

the purposes of travel.    They have no application here.    It would be laying down a pretty strict, if not an unreasonably harsh, rule to say that a traveler on a highway may not under any circumstances turn the outside wheel of his vehicle into the grass bordering the beaten track without being guilty of negligence as a matter of law.    We think that what the deceased did was quite natural under the circumstances.    The road ahead of him presented a muddy appearance, although as a matter of fact it was hard and dry.    That it was rough and full of ruts is undisputed.    He held his machine well over to the right in order to avoid what appeared to him to be a bad spot.    If in doing so the wheels on one side of the machine were brought slightly into the grass, it was not such behavior as can be pronounced negligence as a matter of law.    *Kadolph v. Herman,* 166 Wis. 577, 166 N. W. 433.

It is said that the town board could not foresee that an accident such as this might occur by reason of the absence of a railing or barrier.    That is not the test.    It is not necessary that the town officers should foresee that an accident happening just as this happened was likely to occur.    It is sufficient if they should have foreseen that an accident might occur; that is, that a vehicle running along the highway might be precipitated over the west bank.    Such an occurrence might be brought about by a variety of circumstances, some of which can be reasonably foreseen while others cannot.    The fact that the unprotected declivity on the west side of the turnpike endangered the safety of travelers is sufficient to satisfy the requirement of reasonable anticipation.

Appellant also complains because the following requested instruction was not given:

"Towns are not required to keep a country road in suitable condition for travel for its whole width.    The town has performed its duty if it properly grades and prepares a part of the highway of reasonable width and keeps the same in a suitable condition for the use of passengers either on foot or in a conveyance."

The trial court did charge the jury that:

"The defendant town of *Verona* was not required to keep all the width of the highway in a suitable condition for public travel at the point of the accident in question. The defendant was in duty bound to keep so much of the width of the highway in such condition that it was reasonably safe for public travel over it with an automobile driven by persons while using ordinary care."

The substance of the request was communicated to the jury in that portion of the charge quoted, which we regard as a substantially correct statement of the law. Certainly the refusal of the court to grant the request to submit the charge requested does not constitute reversible error, in view of the charge given.

Appellant also complains because respondents' attorney was permitted to cross-examine his own witness. This was a matter peculiarly within the discretion of the trial court and cannot work a reversal of the judgment. We see no error in the record.

*By the Court.*—Judgment affirmed.