WALATA, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 10—June 5, 1923.*

*Intoxicating liquors: Unlawful sale: Evidence: Competency and sufficiency.*

1. In a prosecution for selling intoxicating liquors contrary to law, the evidence is *held* competent and sufficient to justify a verdict of guilty.
2. A motion for a new trial on newly-discovered evidence is addressed largely to the discretion of the court.

ERROR to review a judgment of the municipal court of Racine county: E. R. BURGESS, Judge. *Affirmed.*

The defendant was convicted of selling intoxicating liquors contrary to law and sentenced to pay a fine of $1,000 or to serve six months in the Racine county jail. He sued out a writ of error, and claims that the court erred in excluding testimony; in permitting improper remarks of counsel; in asking certain questions; and in denying defendant's motion for a new trial on newly-discovered evidence.

*Leonard P. Baumblatt* of Racine, for the plaintiff in error.

For the defendant in error there was a brief by *Thorwald M. Beck,* district attorney of Racine county, and *J. A. Simpson* and *G. E. Smalley,* assistant district attorneys, and oral argument by *Mr. Beck* and by *Mr. J. E. Messerschmidt,* assistant attorney general.

The following opinion was filed April 3, 1923:

CROWNHART, J. The defendant had a large dance hall in the city of Racine, and in the basement he ran a soft-drink parlor with a bar. On Christmas eve he had a public dance in his hall at which there were great numbers of people present. Among these people were a large number who were intoxicated. As an officer testified, there were so many liquor bottles that "you couldn't put them in a wagon." There was evidence to the effect that the defendant sold some of this liquor to parties who were attending the dance, and the evidence to that effect seems to be competent and sufficient to justify the verdict of the jury. There does not appear to be any reversible error in the admission of testimony or otherwise in the trial.

A motion for a new trial on newly-discovered evidence is addressed largely to the discretion of the court. We find no abuse of discretion in refusing a new trial. The judgment of the lower court should be affirmed.

*By the Court.*—Judgment of the municipal court is affirmed.

A motion for a rehearing was denied, without costs, on June 5, 1923.