BOWEN, Respondent, vs. TOWN OF OSCEOLA, Appellant, and SLATTERY, Defendant.

*September 18—November 11, 1924.*

*Highways: When defective: Negligence of town: Unsafe barriers: Automobiles: Duty of care required of passenger: Contributory negligence of driver: Questions for jury: Intervening cause of accident: New trial: Discretion of court.*

1. The fact that a large number of automobiles had been operated over a highway, together with the standard of road construction and the topography of the locality, must be considered in determining whether a given condition renders a highway defective. p. 15.

2. Under the evidence in this case the question whether the defendant town was negligent in maintaining an unusually narrow roadway with precipitous banks and unsupported edges, over a ravine, and in regard to the position and condition of a barrier along one side of the roadway, is for the jury. p. 16.

3. The care required of a passenger in an automobile approaching a dangerous crossing is that required of the great mass of mankind similarly transported under the same or similar circumstances. p. 16.

4. It is the duty of a passenger in an automobile, observing that it is being operated at an excessive or dangerous rate of speed, or where imminent danger is observed, to make a protest or caution the driver. p. 16.

5. The passenger, whose attention was directed to the efforts of the driver to shift gears to high upon entering on a familiar crossing, was not contributorily negligent, as a matter of law, in not protesting or cautioning the driver when he observed the earth on the edge of the highway giving way. In such case, if rational men might differ as to whether plaintiff failed to exercise ordinary care, the question is peculiarly for the jury. p. 17.

6. The question whether the driver, in attempting to shift the gears, was negligent is for the jury, whose finding acquitting him of negligence must stand,—the existence of a broken dog in the gear-shift apparatus not being known to him at or before the time of the accident. p. 18.

7. The failure of the gear-shifting device to properly operate is *held* not to have been an intervening cause of the accident so as to absolve the town from liability for negligence proximately causing the accident, in view of the verdict acquitting the operator of contributory negligence. p. 19.

8. An application for a new trial on the ground of newly-discovered evidence is addressed to the sound discretion of the court. p. 20.

9. Where the town was in possession of sufficient facts to require an inquiry as to the alleged intoxication both of the occupant and of the driver of the automobile, but made no such effort and showed no diligence, the trial court did not abuse its discretion in overruling the motion for a new trial on the ground of newly-discovered evidence. p. 20.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

In the forenoon of October 23, 1922, the plaintiff was riding as a passenger in an Overland car belonging to the defendant Slattery in a westerly direction on a highway leading from the unincorporated village of Dundee. The soil in the vicinity of where the accident occurred consists largely of gravel and stone, and located in this area are numerous elevations with abrupt declivities. The accident happened on a very narrow road just outside of the inhabited portion of Dundee, where the road crosses a ravine, with an abrupt decline and precipitation of between twenty-five and thirty feet on each side. The narrowest width of the highway over this ravine is between 12.6 and 12.9 feet. On each side of the highway there was constructed a barrier consisting of a guard and a top rail fastened onto posts about eight feet apart, and the posts on the north side of the highway where the accident happened were set in on the side of the bank, and a space of about fourteen inches intervened between the edge of the roadbed proper and such posts. Prior to the accident the posts where the accident happened slanted outward at an angle of about thirty degrees, and the guard and railing were loose and out of repair. The north shoulder of this crossing was not properly reinforced and protected, so that it was liable to become unsafe by the action of the elements and the use to which the highway was subjected by vehicles traveling thereon. It also appears that this road was greatly used in automobile traffic by the traveling public, and particularly by those who visited the various inland lakes and summer resorts in the vicinity.

The defendant Slattery, in operating his car in the village of Dundee, observed that he had some difficulty with his gear shift in attempting to shift to high, but knowledge of the cause of the trouble was unknown to him. He continued to experiment with the shifting device, and as he approached the crossing, in order to avoid a slight washout in the road, steered his machine towards the north, in the

direction of where the accident subsequently occurred, and, just before the accident, concluded that he would discontinue his experiments and would proceed in second, in view of the fact that he was approaching an up grade on the road which would require additional power. In turning to the right as he entered the narrow crossing, he concluded that he would assume a position as near to the north edge of the highway as possible, in order to avoid the possibility of a collision with cars traveling the down grade towards the east, as his view of cars was obstructed by reason of a turn in the road. The plaintiff, seated in the car with the defendant Slattery, the operator, devoted his attention largely to observing the attempts at shifting gears, and the evidence shows that immediately preceding the accident he observed a portion of the soil on the edge of the road, immediately next to where the guard was out of order, giving way, and simultaneously with such observation the north wheels of the car passed down over the fourteen-inch space between the edge of the roadway and the posts, causing the latter to break, the car, with the passengers, being precipitated down the embankment, which resulted in the personal injuries sustained by the plaintiff.

Plaintiff contended in his complaint and on the trial that the proximate cause of the accident was the unsafe condition of the road at the place of the accident; that the authorities of the defendant town had ample notice of the condition; and that the required statutory notice had been duly served. The defendant town contended that the highway was not defective; that the plaintiff failed to exercise ordinary care, and that such failure proximately contributed to his injury; that the defendant Slattery failed to exercise ordinary care, and that such failure proximately contributed to produce the injury; and that the negligence of Slattery constituted an efficient, independent, and intervening cause.

The case was submitted to the jury on a special verdict,

and the jury found (1) that the barrier at the north side of the roadway was partially down at the time and place involved; (2) that the condition of the barrier thus found rendered the highway unsafe for travelers who were driving thereon with ordinary care; (3) that such condition existed for such time that the town authorities, in the exercise of ordinary care, should have had it repaired at the time involved; (4) that with the barrier as constructed, in good repair, the condition of the highway at the place was such as to render it not reasonably safe for travelers who were driving thereon with ordinary care; (5) that the failure so found was a proximate cause of the plaintiff's injury; (6) that Slattery did not fail to exercise ordinary care in the operation of his machine at the time and place involved; and (7) that the plaintiff was not guilty of any want of ordinary care which proximately contributed to produce his injuries.

Upon the rendition of the verdict the court ordered judgment for the plaintiff, and from such judgment the defendant town prosecuted this appeal.

*T. L. Doyle* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Duffy & McGalloway* of Fond du Lac, and oral argument by *F. Ryan Duffy.*

*J. E. O'Brien* of Fond du Lac, for the defendant Slattery.

DOERFLER, J. We will first treat the question of the negligence of the defendant town. For years a large number of automobiles had been operated over this highway by persons visiting in that locality, by the urban population living in the vicinity thereof, and by tourists traveling to and from the summer resorts located upon inland lakes in the proximity of the highway. All of these facts, together with the standard of road construction and the topography of the locality, must be taken into consideration in deter-

mining whether a given condition renders a highway defective. *Branegan v. Verona,* 170 Wis. 137, 174 N. W. 468. Under such authority also, under all the facts and circumstances as shown in the evidence, the question of whether or not the town was negligent at the time and place in question raises an issue for the jury to determine. The roadway itself, at the place of the crossing, was unusually narrow. It passed over a ravine, and on each side of the roadway there was a steep precipitation of between twenty-five and thirty feet. The condition of the barrier, and the space between the edge of the road and the posts, the manner in which the posts were set on the side of the bank, and the condition of the posts and guards, created a rather dangerous situation, even though we leave out of consideration the unsupported and unreinforced edge of the highway itself. We hold that such a situation fully warranted the court in submitting the question of the defendant town's negligence to the jury; and the jury having found against the town, such finding must be sustained.

It is further argued that the plaintiff failed to exercise ordinary care which proximately contributed to the injury. Plaintiff was a passenger in the car operated by the defendant Slattery. He did not operate the car or participate in its operation, nor did he give any directions. Just before entering upon the crossing his attention was directed to Slattery's efforts to change the gears. True, both Slattery and the plaintiff were familiar with the crossing, having lived in that locality for a long period of time and having passed over it on numerous occasions. The car, however, was traveling in second, at a conceded rate of speed not exceeding five miles an hour. The care required of a passenger under these circumstances is the care required of the great mass of mankind similarly transported, under the same or similar circumstances. While it is the duty of a passenger where he observes a car being operated at an excessive or dangerous rate of speed, or where an imminent

danger is observed, to either·make a protest or caution the driver, it cannot be said under the evidence in this case, as a matter of law, that the plaintiff failed to exercise ordinary care which proximately contributed to the injury. The course that the operator of the car took at the time he entered upon this crossing would appear to be in accordance with the usual precaution that one might expect under like circumstances. The crossing was narrow, and at the east end thereof there was a washout. The attempt to shift to high is in accordance with the usual practice of automobile operators. The grade of the roadway on this crossing presented no obstructions to the operation of the car in high, and whether or not the approaching grade could have been made on high presented a problem that depended largely upon the power of the machine, with which perhaps no one was better familiar than Slattery himself. Slattery's conclusion also to travel on the north edge was justified, in view of the fact that farther toward the west there was an upward grade and a turn in the road that obstructed his view of oncoming automobiles, and by reason of the narrowness of the crossing it would make it dangerous to travel on any other portion of the highway. When plaintiff first observed the earth on the edge of the highway giving way, the car was well within such edge. The most that can be said on the subject is that rational men might differ as to whether or not the plaintiff failed tö exercise ordinary care, and when such a situation appears the question becomes one peculiarly for the jury. Advice and suggestions by a gratuitous passenger to his host are not ordinarily accepted in good grace, and this is a well known fact of which we can take judicial notice. Many things transpire in the course of an automobile trip under such circumstances which have a tendency to momentarily distract the attention of a passenger situated as the plaintiff was in this particular case. Sometimes it is the scenery, and at other times oncoming or approaching

cars; and in this particular instance it was the attempt of the plaintiff to observe the operation of the shift, which had been the cause of some trouble prior to the accident. The distance covered from the time the car entered the crossing up to the time of the accident is a matter of a comparatively few feet, and the time occupied in making such distance, even while the car was propelled at the rate of about five miles an hour, did not occupy more than a few seconds. We therefore cannot say as a matter of law that the court erred in submitting the question of plaintiff's negligence to the jury.

We next come to the question of the alleged contributory negligence of the defendant Slattery, which the defendant town claims should be found as a matter of law. Upon an examination of the car subsequent to the accident it was ascertained that the difficulty in the shift of the gears was caused by a broken dog in the gear-shift apparatus. This was not known to Slattery or the plaintiff at or prior to the happening of the accident. Both the operator of the car and the plaintiff had considerable experience in the operation of Overland cars. The gear shift constitutes a very delicate and important mechanism in automobiles, and one towards which the operator of the car is not only required to, but as a rule does, devote considerable of his attention. It is well known to operators of automobiles that long distances can only be traveled speedily when the machine is operated in high, and the operation of the machine in high gear results in smooth action of the mechanical devices and is attended with little noise; and furthermore, while the power is greater in second or in first, the speed is accelerated in high and less gas is consumed. It would therefore appear to us that under all the facts and circumstances in the case the alleged negligence of the defendant Slattery presented a proper issue for the jury; and the jury having in its special verdict acquitted him of negligence, such finding must stand. *Druska v. Western Wis. Tel. Co.* 177 Wis. 621, 189 N. W. 152.

The evidence also shows that simultaneously with the operator's shift of the gears into second the accident happened, and it is claimed by counsel for the defendant town that the failure of the shifting device to properly operate was an intervening cause of the accident, and that therefore the town cannot be held liable if it be admitted that the highway at the time of the accident was not in a proper condition. The learned circuit judge meets this situation in his opinion as follows:

"But there was here no causal connection whatever between the giving way of the shifting device and the car's going off the road. If the steering mechanism had given way or the right wheel of the car broken down, so that the giving way of the part had itself headed the car down the bank or turned it too near to the edge of the road, there would have perhaps been such causal relation as would have afforded basis for argument that this established proximate causation as a matter of law. But the driver had effected the shifting of gears. The car was operating in second speed when it left the road. The physical fact of the breaking off of two of the posts bears out the driver's statement in this regard. The testimony of the witnesses clearly establishes that the car was going so slowly that its momentum was insufficient to break off the posts without the driving force of the car in second gear. The thing that precipitated the car down the bank was not the breaking of the shifting device, but either the negligence of the driver in failing to keep on the road, or the condition of the road, or the action of the two concurring. The broken gear shift was not at the time operating at all."

As to whether or not negligence on the part of the operator constituted an intervening cause we need not further consider, as the jury acquitted the operator of contributory negligence. There was thus established, first, the negligence of the defendant town and the fact that such negligence was a proximate cause, and second, that both the plaintiff and the operator of the car were free from negligence. There was thus no intervening cause such as is referred to in *McFarlane v. Sullivan*, 99 Wis. 361, 74 N.

W. 559, 75 N. W. 71; *Orr v. Oldtown,* 99 Me. 190, 58 Atl. 914; *McMahon v. Harvard,* 213 Mass. 20, 99 N. E. 458, and in other cases cited and relied on in the brief of the attorney for the defendant town.

A motion was also made by the defendant town for a new trial upon the grounds of newly-discovered evidence, such motion being based upon affidavits. The trial court in its opinion held that if matters set forth in such affidavits had been presented upon the trial a different result might have been achieved. From the affidavits presented by the town it would appear that both the plaintiff and the defendant Slattery, at and prior to the time of the accident, were under the influence of liquor. It appears, however, that the defendant town was in possession of sufficient facts to require it to make due proper inquiry with respect to the alleged intoxication of both the plaintiff and the defendant Slattery, but that no effort was made in that behalf and no diligence was shown to establish the fact; and under these circumstances the learned trial judge overruled the motion of the defendant town. The application for a new trial on the ground of newly-discovered evidence is addressed to the sound discretion of the court. *Walata v. State,* 180 Wis. 646, 193 N. W. 61. The court having exercised its discretion, under all the facts and circumstances appearing in the record, we cannot say that the trial court abused its discretion. Counsel for the defendant town argues a number of exceptions as a basis for a new trial, which we have carefully considered, but we are satisfied that no prejudicial error appears in the record.

The judgment of the lower court must therefore be affirmed.

*By the Court.*—Judgment affirmed.