COLLA, Appellant, vs. CITY OF RACINE, Respondent.

*December 5, 1927—January 10, 1928.*

*New trial: Newly-discovered evidence: As to damages in personal injury actions: Due diligence.*

1. An order of the trial court granting a new trial is highly discretionary, and its determination will not be interfered with except in a clear case of abuse of discretion.   p. 502.
2. In an action against a city for injuries sustained by falling on an icy sidewalk, the computation of damages is not a matter of mathematics, but expresses the view of the jury as to plaintiff's damages upon the whole case, and is not to be determined by the rate of wages received in the particular employment of the injured person.   p. 503.
3. The damages awarded being based somewhat on plaintiff's relation to her particular employment, a new trial was erroneously granted upon the ground that by newly-discovered evidence defendant could prove that plaintiff's employment had terminated prior to the accident, where it appeared that plaintiff's employment was of an intermittent type, the damages awarded not large, and due diligence on the part of the defendant not being sufficiently shown.   p. 503.

APPEAL from an order of the municipal court of Racine county: E. R. BURGESS, Judge. *Reversed.*

Personal injury. New trial. The plaintiff was injured on March 5, 1926, by falling upon an icy sidewalk which was alleged to be in a dangerous and unsafe condition. This action was begun September 29, 1926, and tried November 9, 1926. The jury found for the plaintiff and assessed her damages at $755.45. The defendant moved to change

answers in the special verdict, for judgment notwithstanding the verdict, and for a new trial because of error.  These motions were denied, and on November 30, 1926, judgment for the plaintiff was entered.  After entry of judgment the defendant moved for a new trial on the ground of newly-discovered evidence.  Upon the trial the plaintiff testified that she was employed by the Wells Products Company of Cleveland, Ohio, and the damages of the plaintiff were based somewhat upon her relation to such employment.  It appears from the affidavits offered in support of the motion for a new trial that the defendant could prove by certain witnesses named that plaintiff's employment with the Wells Products Company had terminated prior to the date of the accident.  There were counter-affidavits showing that the plaintiff, at or about the time of her injury, was demonstrating the products of the Wells Products Company by arrangement with local dealers.  After argument, the court made an order setting aside the judgment and granting a new trial, "and the court, being fully advised in the premises, finds that in broad justice a new trial should be had.  Therefore, . . . a new trial is granted upon the grounds of newly-discovered evidence."

From the order granting a new trial and from the order denying plaintiff's motion to set aside the order granting a new trial the plaintiff appeals.

For the appellant there was a brief by *Baumblatt & Weisman* of Racine, and oral argument by *Leonard P. Baumblatt*.

*John H. Liegler*, city attorney, for the respondent.

Rosenberry, J.  The order of the trial court granting a new trial is highly discretionary and the trial court's determination will not be interfered with except in a clear case of abuse of discretion.  *R. Connor Co. v. Goodwillie*, 120 Wis. 603, 98 N. W. 528; *Miller Saw-Trimmer Co. v. Cheshire*, 177 Wis. 354, 189 N. W. 465; *McCoy v. Terhorst*, 188 Wis. 512, 205 N. W. 420.

Colla v. Racine, 194 Wis. 501.

Nowhere in the briefs of counsel is any question raised as to the correctness of the verdict in any other respect than that relating to damages. The trial court indicated his approval of the verdict in all other respects by denial of defendant's motions before judgment. Should the trial court, in the exercise of a sound discretion, have granted defendant's motion for a new trial merely because the defendant upon a second trial might be able to prove that the plaintiff was not in fact employed by the Wells Products Company at the time of her injury? Her employment, it appears, had ceased thirteen days prior to the date of the injury. Her employment seems to have been of an intermittent type. In the affidavits it appears that she worked as a solicitor from the 20th to the 23d of January and from the 9th to the 20th of February.

It is considered that the result reached by the trial court was due to an erroneous application of the principles of law governing the right to a new trial and amounted to an abuse of discretion, and it is also considered that there was not a sufficient showing of diligence on the part of the defendant to entitle it to have the judgment rendered upon the verdict set aside.

It is not necessary for us to again review the law upon these very familiar subjects. The computation of damages is not a matter of mathematics, but expresses the view of the jury as to plaintiff's damages upon the whole case, and is not determined by the rate of wages received in a particular employment. The judgment in this case, considering the nature of plaintiff's injuries, is not large and is amply sustained by the evidence, and the judgment should not have been vacated.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to the trial court to reinstate the judgment.