FENELON, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 12—March 5, 1929.*

For the plaintiff in error there was a brief by *Walter D. Corrigan, Sr.* of Milwaukee and *J. E. O'Brien* of Fond du Lac, and oral argument by *Mr. Corrigan.*

For the defendant in error there was a brief by *L. E. Gooding,* district attorney, *L. J. Fellenz,* assistant prosecutor, both of Fond du Lac, and the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Gooding* and *Mr. Messerschmidt.*

ROSENBERRY, J. This case was here upon a writ of error to review it upon the merits. The defendant was charged on two counts, one as an accessory to the crime of forgery and the other as subornation of perjury to establish a will. The

jury found the defendant guilty upon both counts and he was sentenced accordingly. In the report of the case found in 195 Wis. 416, 217 N. W. 711, 218 N. W. 830, there is a full statement of facts, and at the close the court said:

"We have heretofore expressed our opinion that the instant case is not a close one. If we thought otherwise, we might possibly come to a different conclusion upon this subject. Under the circumstances, however, we are of the opinion that a new trial should not be granted, but that the judgment and sentence of the lower court should be affirmed. We discover no prejudicial error in the case."

After the opinion was filed there was a motion in this court praying that the defendant be granted a new trial on the ground of newly-discovered evidence. The mandate was modified and the cause remanded without prejudice to the right of the defendant to make a motion for a new trial in the lower court and have same determined by that court. Upon the *remittitur* being filed the defendant moved in the court below on the record and supporting affidavits for a new trial. The affidavits tended to show that Mike Fenelon was in Waupun on the 2d day of June, 1925, and from that it is argued that he might have executed the will as testified to by the defendant in the proceeding in the county court of Fond du Lac county. To further support his contention in that behalf the defendant offered affidavits in addition to his own of Michael Morgan, William Fenelon, John Schaefer, Mary Schaefer, Harry Snyder, Mrs. Harry Snyder, and John Schlaefer, and subsequently other affidavits were filed and oral testimony taken.

The material question is whether or not Michael Fenelon, the deceased, executed a will in Waupun on June 2, 1925. Michael Morgan now testifies that one or two days after an interview held on Sunday, May 31, 1925, he drove in an automobile to the Sullivan Hotel at about 9 o'clock in the forenoon. He saw Michael Fenelon in front of the hotel

and he asked him if he wished to take a ride. Michael Fenelon said, "Yes, let us go down to see Bill," meaning William Fenelon. Michael Fenelon then got into the automobile about 9:30 a. m. and they drove to Guerney's lumber yard, where William Fenelon usually worked. It is then claimed that Michael Morgan and Michael Fenelon drove to the Schaefer farm, arriving there some time in the forenoon of that day, and that they then drove on to Waupun by way of Seven Mile Creek and arrived at Waupun at about 11:30 a. m. on June 2, 1925. There is other corroboration, such as the affidavit of Harry Snyder that he was working in a pool hall on the east side of Main street in the city of Waupun on June 2, 1925, almost directly across from the Fenelon meat market, and that Michael Fenelon came in on that day with another man of large stature, between 11 o'clock and noon; that Michael Fenelon shook hands and talked with him for fifteen or twenty minutes.

Opposed to these were affidavits made by Michael Morgan, produced by the State, to the effect that he had given no particular attention to the trip to Waupun until he was called by one of the defendant's lawyers. An affidavit of Ella Lang, a bookkeeper for the Guerney Refrigerator Company, was filed tending to show that William Fenelon was not on the regular pay-roll on the day on which Fenelon claimed that Morgan and Mike Fenelon there called upon him. The State also showed by the testimony of Mr. Bartlett, connected with the Winnebago Furniture Company, that Mike Morgan was in the employ of the Winnebago Furniture Company the day he claims to have gone to Waupun with Mike Fenelon. Upon production of these affidavits the court made a thorough, careful, and searching examination into the subject of the controversy and then directed that an adjournment be taken to May 1, 1928, and that in the meantime the records of the Guerney Refrigerator Company and the Winnebago Furniture Company should be investigated.

From that investigation it appears to be very doubtful whether or not William Fenelon was employed at the time and place he said he was, and it appears quite convincingly that Michael Morgan was employed on June 2, 1925, by the Winnebago Furniture Company. The statements of Michael Morgan and William Fenelon are thus contradicted in very important particulars.

We are not now called upon to pass upon the question of whether or not there was sufficient evidence to sustain the verdict. That question was considered and determined when the case was here upon the merits and the time for a rehearing has expired, so that the matter must now be considered settled. The question presented now is whether or not the trial court abused its discretion in refusing to grant a new trial on the ground of newly-discovered evidence. Whether or not a new trial should be granted upon the ground of newly-discovered evidence is a matter which rests very largely in the discretion of the trial court. *Birdsall v. Fraenzel,* 154 Wis. 48, 142 N. W. 274; *Pagel v. U. S. Cas. Co.* 158 Wis. 278, 148 N. W. 878; *Sweet v. Modern Woodmen,* 169 Wis. 462, 172 N. W. 143; *Bowen v. Osceola,* 185 Wis. 11, 200 N. W. 766; *Colla v. Racine,* 194 Wis. 501, 217 N. W. 297; *Hedger v. State,* 144 Wis. 279, 128 N. W. 80.

In *Hedger v. State, supra,* as in this case, the defendant was represented by able counsel who labored with great industry and zeal to present their client's case to the court, and presented everything tending to sustain their contention both in the trial court and in this court with great vigor and ability. In that case as in this, a decision by the trial court either way would have to be sustained. Discretion in the trial court to decide a matter of this kind does not require that the trial court decide the question as we think it should be decided or as we would decide it. It is the duty of the trial court to apply the law to the facts presented and reach

a conclusion which lies within the bounds of reason and accords to all matters considered the weight to which they are entitled. It is apparent that the court conscientiously endeavored to discharge that duty, and in the discharge of it quite evidently had in mind the applicable rules of law. He not only was familiar with all of the facts connected with the case and with the matters presented by affidavit, but also had before him witnesses called on the hearing, and so had a peculiar opportunity to determine the weight and effect to be given to the evidence alleged to be newly discovered. The records of the companies by which Morgan and William Fenelon were employed quite definitely and satisfactorily impeached the testimony given by these witnesses as to the main facts. There was very little direct corroboration except that of the witness who claims to have seen Morgan and William Fenelon in Waupun on June 2, 1925.

With all these matters in mind, the court reached the conclusion that he ought not to grant a new trial. The case was a very hotly contested one, tried with vigor, ability, and zeal on both sides, it was brought to this court, the record reviewed, no prejudicial error was discovered, and this court held that the evidence was ample to sustain the verdict. Proof that Mike Fenelon was in Waupun on the 2d of June, 1925, would not conclusively prove that he made a will there on that day, although it might be a very material circumstance to be considered. There is certainly nothing in the evidence offered upon the motion for a new trial so conclusive or convincing as would warrant this court in saying that the trial court abused the discretion reposed in it under the law.

*By the Court.*—Order affirmed.