MARTINSON (MANVILLE) and another, Respondents, vs. POLK COUNTY, Appellant.

*March 15—April 12, 1938.*

*Charles D. Madsen,* district attorney of Polk county, and *James L. McGinnis* of Amery, for the appellant.

*W. T. Doar* of New Richmond, for the respondents.

FAIRCHILD, J. County Trunk Highway C runs in a south-westerly direction through Alden township, Polk county. North of the intersection involved in this case "C" runs straight north and south for about one and one-half miles.

For years, at the intersection, "C" turned west, continuing a town road, running east and west, which met the county highway at this point. The intersection was then in the shape of a "T," the stem being formed by the county highway to the north, and the crossbar being formed by the town road to the east and the county highway to the west. During the months of June and July, 1934, defendant county straightened and relocated some of the curves on the county highway. At this intersection, the county highway was extended straight south, and a snow ditch on the west side of the county highway was extended south so as to cut through the roadway which formerly led to the west. This resulted in cutting off the east-west highway at the west side of county trunk "C" and changing the intersection so that the stem of the "T" was then formed by the town road to the east and the crossbar by the north-south county highway.

Plaintiffs lived on the town road a short distance east of the intersection. After dark on July 24, 1934, plaintiffs set out as guests of their father to drive to New Richmond. The customary route was along the town road to the intersection and thence along the county highway to the west. Plaintiffs' father drove about thirty miles an hour; he crossed the county highway, and saw the ditch along its western side when only twenty to thirty feet away; his car went into the ditch and struck the west bank of it, causing injuries complained of.

Counsel for defendant raises a number of objections to the judgment, and has earnestly argued that error was committed when the trial court ruled that the highway was insufficient as a matter of law. Perhaps no fault can be found with the new highway within the narrow limits that exactly confine it, but that is not all these plaintiffs complain of and are interested in. Suddenly to eliminate a used way and leave the traveler, used to that way, without suggestion or warning that a ditch exists where he would reasonably ex-

pect a travelable highway is to create a trap. It clearly appears that defendant was negligent in leaving unguarded its reconstruction of the intersection of the two highways and that this caused plaintiffs' injuries.

The cases cited by defendant such as *Miner v. Rolling,* 167 Wis. 213, 167 N. W. 242; *Branegan v. Verona,* 170 Wis. 137, 174 Wis. 468; and *Bowen v. Osceola,* 185 Wis. 11, 200 N. W. 766, holding that the sufficiency of the highway is a jury question, furnish no analogy for this controversy. The guiding principles are found in the following cases: *Schuenke v. Pine River,* 84 Wis. 669, 54 N. W. 1007; *Bills v. Kaukauna,* 94 Wis. 310, 68 N. W. 992. An examination of the record discloses no prejudicial error.

*By the Court.*—Judgment affirmed.