CASHMAN, Appellant, vs. Ross and others, Respondents.

*January 13—February 3, 1914.*

*Wills: Construction: Life estate: Vesting of remainders: Future division among a class: Partition: Who may maintain.*

1. Where a testator devised lands to his wife during her life and directed that "after her death the said property to be divided equally between my children," no interest or estate vested in the remaindermen until the death of the life tenant.

2. In such case, where a daughter of the testator died before the widow, the devise to such daughter lapsed and her heir could not, after the death of the widow, maintain an action for partition against the surviving children of the testator.

3. Under sec. 3101, Stats., the estate or interest in lands which will entitle a person to maintain an action for partition must be presently vested in him.

4. When property under a will is to be divided at a specified time in the future among a class, only those thereof who are alive at the time of division can take under the will in the absence of provisions to the contrary.

TIMLIN, J., dissents.

APPEAL from a judgment of the circuit court for St. Croix county: JAMES O'NEILL, Judge. *Affirmed.*

Action for partition of real estate. Plaintiff alleges that he is a tenant in common with the defendants in certain described lands and, as such, prays for a partition thereof. The evidence shows that in 1882 one Mathias Ross was the owner of the lands in question and that he then made a will reading, "I hereby give and bequeath to my wife, Katie Ross, all my real and personal property (after the payment of my just debts) to have and to hold during her natural life. After her death the said property to be divided equally between my children." He died shortly after executing the will, and it was admitted to probate July 5, 1882. Katie Ross, his widow, died intestate June 16, 1910. In September, 1905, Margaret Ross, who was a daughter of testator, married

plaintiff, and in October, 1905, she died, without issue, leaving plaintiff her sole heir.    At the close of plaintiff's evidence the court granted a judgment of nonsuit, and the plaintiff appealed.

*Spencer Haven,* for the appellant.

For the respondents there was a brief by *McNally & Doar,* and oral argument by *W. F. McNally* and *W. T. Doar.*

VINJE, J.    The sole question presented by the appeal is whether or not under the will set out in the statement of facts any estate or interest in the lands vested in Margaret Ross at the death of the testator or before the death of the life tenant, Katie Ross.    If an estate or interest vested in her, then plaintiff, as her sole heir, is entitled to maintain the action. On the other hand, if no interest or estate vested in the remaindermen until the death of the life tenant, then plaintiff, since his wife, Margaret, died before the life tenant, has no interest in the lands, and cannot maintain partition.    Sec. 3101, Stats. 1913, provides that an action of partition may be maintained "by any person who has any estate in the lands of which partition is sought."    This means that he must have some interest in the lands that has vested prior to the commencement of the action.    It is not sufficient that such an interest may vest in him in the future.    See *Greeney v. Greeney, post,* p. 621, 145 N. W. 201, and cases cited.    The question must be solved, primarily, by the language of the will itself.    If the intention of the testator is clear as to when the estate vests, the statute relating to the vesting of estates cannot affect it.    *Moran's Will,* 118 Wis. 177, 193, 96 N. W. 367.    The will of testator contains no words of present gift or devise to the children.    It creates a life estate in the wife and then directs that upon the termination of such estate, that is, after her death, the property is to be divided equally between his children.    Respecting the pre-

cise question here presented the court in *Moran's Will, supra,* said:

"But where there is a precedent life estate, and the devise or bequest is not direct to those who are to take in remainder, leaving the period of enjoyment to commence only after the termination of a precedent life estate, but the bequest or devise is in the form of a direction or an expressed purpose that at the termination of the precedent estate the property shall be divided between certain persons specified, that circumstance is held to effectually displace the presumption as to immediate vesting, and create the presumption, nothing appearing clearly to the contrary, that the intention of the testator was that the estate in remainder should not vest until the time for division and distribution should arrive." See pp. 196, 197, and cases cited.

The devise in the instant case meets the conditions of this language. It is not a present devise to the children. It is a direction that after the termination of the life estate the property shall be divided between them, and nothing appears in the will to indicate that any vesting of interest shall precede the right to the enjoyment of the estate.

When property under a will is to be divided at a specified time in the future among a class, only those thereof who are alive at the time of division can take under the will in the absence of provisions to the contrary. *Moran's Will,* 118 Wis. 177, 199, 96 N. W. 367; *Matter of Baer,* 147 N. Y. 348, 41 N. E. 702. We have no provisions in this will disposing of the share of a remainderman who dies before the life tenant. The devise, therefore, to Margaret Ross lapsed upon her death prior to that of her mother, and her share went to the other children of the testator who survived and not to her husband. The court properly granted a nonsuit.

*By the Court.*—Judgment affirmed.

TIMLIN, J. (*dissenting*). The will in question, in the most simple, straightforward way, gave a life estate in the property in question to testator's widow. This is followed

by the simple and direct words: "After her death the said property to be divided equally between my children." There are no other indications of the intention of the testator. I do not think it conforms either with the intention of the testator or to the statutes to hold that these remainders to the testator's children did not vest at the death of the testator, subject only to the life estate of the widow. If he had not mentioned the children at all, but simply devised a life estate to the widow, it could hardly be claimed that each child did not take a vested interest. Is it rational to hold that this is defeated by the direction that "after her death the property is to be divided equally between my children?" It is reiterated in decisions of this court that the intention of the testator must prevail, but an artificial test of intention is here applied which I think tends to defeat the true intention, and the subject left in such confusion that titles are shaken and wills rendered very uncertain. In *Cowley's Will*, 120 Wis. 263, 97 N. W. 930, 98 N. W. 28, there were two successive life estates, and the remainder was disposed of in the following words: "such portion of my said estate as shall remain shall be equally divided between my lawful heirs." Held, that this word "heirs" referred to those persons who at the testator's death would by law have been entitled to inherit his intestate estate and not to those who were his heirs at the death of the last life tenant. If that case and the present case stand, there must be quite a difference in the use of the words "my children" and "my lawful heirs" in a case where the children and the lawful heirs are the same persons.

In *Smith v. Smith*, 116 Wis. 570, 93 N. W. 452, the will was substantially like that in the instant case; that is, it created a life use and then provided, "and at the time of her death to be equally divided between these four children," naming them. It was held that the bequest to these four vested in interest at the death of the testator. It is said that

there the names of the children were given, here they are not; but I do not think that a valid ground of distinction, nor would it occur to a mind not predisposed to find distinctions, nor to a testator making his will. I think the will in *Burnham v. Burnham*, 79 Wis. 557, 48 N. W. 661, is in legal effect and substance, in so far as the question here up for consideration is concerned, like the will in the instant case.

The statute, sec. 2037, says future estates are either vested or contingent. If I understand the decisions they say that such estates may be vested and contingent. *Moran's Will,* 118 Wis. 177, 96 N. W. 367. The statute (sec. 2037) says estates are vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate, while they are contingent (omitting events) only when the person to whom they are limited to take effect *remains* uncertain. The decisions say sometimes that the estate is vested, that it is not vested, and sometimes that it is vested subject to be divested under such circumstances when the statute declares the estate vested. An estate vested in interest but not in possession remaining after a life estate may be subject to be divested by the happening of a condition subsequent like any other title, but surely this does not affect its vesting under the statute. The *Moran Will Case,* 118 Wis. 177, 96 N. W. 367, is cited with apparent confidence by the appellant and respondents. It might be well to notice that the opinion there seems to argue in one direction and decide in another. There were in that will express words of survivorship, but the question related to the children, not to Julia Dolan, and was whether the survival there mentioned referred to the death of the testator or to the death of his wife, the life tenant. It is said: "The decision was in favor of the former. The losing parties thereupon appealed to the circuit court, where they prevailed, judgment being rendered accordingly, from which this appeal is taken." That would make it ap-

pear that the county court decided that the words of survivorship referred to those who survived the testator. The circuit court decided that it meant those who survived the life tenant and the latter judgment was reversed by this court, although the argument contained in the opinion, and I may be pardoned for saying it is for the most part *obiter,* is wholly the other way. An examination of the record will disclose that the county court decided that the words of survival referred to the death of the life tenant, the circuit court reversed this, holding they referred to the death of the testator, and this court reversed the judgment of the circuit court and sustained that of the county court.

Without prolonging this dissent I merely wish to say that the will before the court is, in my opinion, in legal substance and effect like the will in *Burnham v. Burnham,* 79 Wis. 557, 48 N. W. 661; *Smith v. Smith,* 116 Wis. 570, 93 N. W. 452; and *Cowley's Will,* 120 Wis. 263, 97 N. W. 930, 98 N. W. 28; and the word "divide," when applied to real estate and among the children of testator, has no such natural or usual meaning as is here attempted to be given to it. The rule of this case is highly artificial and neither carries out what appears to me to be the intention of the testator nor conforms to the statute.