BUCKLEY, Respondent, vs. COUNTY OF WASHINGTON and
another, Appellants.    [Two appeals.]

*January 13—February 9, 1926.*

*Automobiles: Highways: Failure to maintain barrier at junction of
highway under construction: Contributory negligence.*

1. In an action to recover for injuries sustained when plaintiff's
   automobile ran into a ditch while he was driving upon a de-
   tour from a trunk highway, the county and a contractor con-
   structing a new highway are *held* not guilty of a want of or-
   dinary care in failing to maintain barriers at the junction of
   the new and the old highway.  p. 180.
2. Plaintiff, who, while traveling at the rate of twenty miles an
   hour, made a sudden abrupt turn on a road which he knew
   was under construction, in order to follow a wagon track,
   and ran into a ditch, was guilty of contributory negligence
   as a matter of law.  p. 180.
3. Contractors and the public authorities are not insurers of the
   safety of travelers on highways.  p. 181.

APPEALS from a judgment of the circuit court for Wash-
ington county: C. M. DAVISON, Circuit Judge. *Reversed.*

Highway accident. Highway 55 extends through Wash-
ington county, and on the 5th day of June, 1923, there was
a detour at a point on said highway about a mile south of
Kewaskum. The situation can best be understood by ref-
erence to the accompanying diagram, part of defendants'
Exhibit 2.

At the time in question the concrete portion of the high-
way had been extended to Techtman's crossing. As for-
merly laid out, highway 55 crossed the right of way of the
Chicago & Northwestern Railway Company at this point
and continued northerly on the easterly side of the railway
company's right of way. The new highway was laid out
on the westerly side of the railway right of way. The con-
crete had been completed to a point a short distance north
of where the old highway joined the new highway some
time previously, and there was maintained at or near that

point a barrier to deflect the travel coming from the south to the east or right across the railway tracks and onto the old highway. The cement had been laid north of the crossing along the west side of the highway and covered with dirt, but it had not yet been placed in use. Between the westerly side of the old highway and the easterly rail of the railroad track there was an embankment of earth. Between the old highway and the new cement and to the south of the point of embankment lay a few scattered planks. Upon a high bank of earth to the east of where the dotted lines cross the railway track there was a turntable. Near the point where the traveled track joined the concrete was a railway signal. Both the railway track and the concrete highway as well as the old highway were in cuts.

On the 5th day of June, 1923, the plaintiff was traveling south from Kewaskum and reached the *locus in quo* between 8 and 9 o'clock. He testified as follows:

"At the railroad crossing I stopped as I always do. After I saw there was no train coming from either direction, then I started up this incline there. . . . I had just shifted into third speed and was going about twenty miles an hour.

"As I climbed up the hill or up this incline, the first thing that I saw was this turntable on the left-hand side, that is formed by this target, old round railroad target. That meant that the road was vying to the right, but I was following up the road because the road was very rough. I was in close to the hog-back that was in there, that was the levelest road in there. The road was very rough, and the actual turn is somewhat east really in the road or easterly, and we all know, especially driving at night, you would naturally follow the tracks. Well, I turned around, and I did not see this hole because of the dirt on top. . . .

"This road that I was following was about eighteen feet, probably, at the widest point there. The signs in Kewaskum did not say detour just when you left the concrete."

Plaintiff's testimony is very difficult to abstract, but it is clear that he was traveling at the rate of about twenty miles

an hour; that he saw the turntable, the railroad target, and that he then turned abruptly to the right before he reached the junction of the traveled track with the concrete, and in so doing ran into the ditch, receiving the injuries of which he complains.

One of the claims of negligence is that the defendants were negligent in failing to maintain a barrier at the point where the plaintiff left the traveled track. Reference to Exhibit 2 shows that this would have required the defendants to have maintained a barrier alongside of the traveled track and between that and the concrete. It appears without dispute that approximately 2,000 cars a day passed over this highway without difficulty. The only excuse that plaintiff offers for his failure to keep on the traveled track was that there were wagon tracks to the right and that he followed those tracks. He also contends that the barrier which was maintained at least a part of the time for the purpose of deflecting the travel from the concrete leading to the old highway on the easterly side of the railway track was not in place and there was no light.

The case was submitted to the jury and the jury found as follows: "We, the jury, find for the plaintiff and against the defendant, *Froemming Bros. Inc.*, $500, and *Washington County* $250, and assess his damages at the sum of ——."

Judgment was entered upon the verdict for the sum of $750, from which defendants appeal.

For the appellant *Froemming Brothers* there was a brief by *Shaw, Muskat & Sullivan,* and oral argument by *John S. Barry,* all of Milwaukee.

For the respondent there was a brief by *Rubin, Zabel & Rouiller,* attorneys, and *W. B. Rubin* and *R. R. Stauff,* of counsel, all of Milwaukee, and oral argument by *Mr. Rubin* and *Mr. Stauff.*

Rosenberry, J.   The court instructed the jury as follows:

"The plaintiff claims that the defendants were negligent in failing to maintain the detour in a safe condition for travel; that the defendants were negligent in failing to maintain proper barricades at the junction of highway 55 and the detour; that the defendants failed to maintain proper notices directing traffic; to keep this particular portion of the detour free from holes, excavations, piles of débris, and stones; to maintain proper lights and other danger signals on said road and detour to warn the public of its unsafe condition."

The instructions are very general.   It appears from the uncontradicted evidence that there was maintained at the time and place in question a highway eighteen feet in width, over which approximately 2,000 cars passed daily without difficulty.   The plaintiff knew that he was upon a trunk highway and that he was upon a detour and that at some point below Kewaskum his route would join the regular highway.   He saw the planks, the turntable, railway target, and while going at the rate of twenty miles an hour turned suddenly to the right in order to follow a wagon track into the ditch.

It is held that the defendants were guilty of no want of ordinary care in failing to maintain a barrier at the side of the road at the point in question.   No law required them to maintain such a barrier.   If, as is contended by the plaintiff, the barrier erected for the purpose of deflecting the travel from the south was not in place or the light was not burning, there seems to be no causal connection between that fact and the injury sustained by the plaintiff.   In any event, a traveler proceeding at the rate of twenty miles an hour, making a sudden abrupt turn to the right on a road which he knows is under construction, must be held to be guilty of contributory negligence as a matter of law.   Under the circumstances plaintiff's act bordered on recklessness. He testified that he had brilliant lights.   A moment's observation would have disclosed the true situation to him.   In-

stead of taking that moment for observation he chose to plunge ahead. Contractors and the public authorities are not insurers of the safety of travelers, and the plaintiff under the circumstances disclosed by the facts in this case was bound to exercise care for his own safety. This is not a case where the traveler slid into the ditch or was thrown from the highway by an obstacle, but one where he deliberately and intentionally departed from the traveled track for no other reason than that he was following a wheel track or rut, as he described it. The jury was apparently very much in doubt as to the liability of the defendants. The evidence would have warranted a substantial verdict and the amount awarded indicates a compromise. That is no reason for reversing the judgment, but simply confirmatory of the view which we take of the evidence, which it is held discloses no negligence on the part of the defendants and does disclose contributory negligence on the part of the plaintiff.

We may say that it is difficult to place upon paper a proper description of the place, but the testimony, taken in connection with the photographs and the plat, a part of which is reproduced herewith, makes the situation fairly plain.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.