BUTCHER, Appellant, vs. CITY OF RACINE, Respondent.

*March 9—April 6, 1926.*

*Automobiles: Highway in icy and slippery condition: Liability of city: Barriers: Sufficiency: Notice in advance of barrier.*

1. Placing a barrier across a highway near the entrance to a bridge, making it necessary for automobiles to turn into an intersecting street, without warning other than the barrier itself, is not negligence. p. 545.
2. There is no duty devolving upon those in charge of highways to post notices of conditions of the road some distance therefrom when the barrier itself gives ample and sufficient warning. p. 545.

3. A barrier visible for over 300 feet at a point where vehicles must turn at a right angle to come upon the street leading to it, is in law a sufficient warning to travelers.  p. 546.

4. Because of climatic conditions existing in this state, a city is under no duty to so construct and maintain its streets as to make them reasonably safe for public travel if they suddenly become icy, but a reasonable time is provided by statute for counteracting such conditions.  p. 546.

APPEAL from a judgment of the circuit court for Racine county: A. H. REID, Judge.  *Affirmed.*

Action to recover damages for the death of plaintiff's wife, alleged to have been caused by the unsafe condition of the defendant's highway.  On January 10, 1924, the plaintiff with his wife was driving westward on West Sixth street in the city of *Racine* in a Ford coupé.  When he reached Kinzie avenue he turned northward thereon and proceeded toward the bridge across Root river at the bottom of a slope and to go on through Horlick's Park on his way to Milwaukee.  The distance from the intersection of West Sixth street and Kinzie avenue and the bridge was about 313 feet. From the intersection of Kinzie avenue and West Sixth street for the first 100 feet the slope was 3.8 per cent.; for the next 100 feet 5.4 per cent.; for the next 65 feet to the intersection of Kinzie avenue and Race street 4.7 per cent.; and from the intersection of Race street and to the entrance of the bridge, a distance of about 48 feet, the slope was 1.5 per cent.  When the plaintiff had traveled from one third to one half the distance between the intersection of Kinzie avenue and West Sixth street he first discovered that a barrier, consisting of a plank on two horses, was placed across the highway, preventing travelers from going onto the bridge.  At the time he noticed the obstruction he testified he was traveling at a rate of about ten miles per hour.  He testified that he saw Race street off to the left and that he intended to turn onto Race street and either proceed along it to an outlet or else turn around and retrace his course to

West Sixth street. The testimony shows that when he turned on Race street, which was at an angle of 121 degrees from Kinzie avenue, he turned practically half way around, and his automobile slid backwards and was not stopped by the gutter nor by the concrete sidewalk passing along the north side of Race street between it and the river. The bank consisted of a narrow strip of land five or six feet wide before it sloped quite precipitously to the river, and was covered here and there with small bushes. The angle formed by Kinzie avenue and the road over the bridge was one of 134 degrees, so that whether turning on the bridge or turning on Race street the turn would have to be made at an angle—a slightly sharper angle onto Race street than to cross the bridge. Kinzie avenue was paved. Race street was not paved, but was a street traveled to a considerable extent, was level, and thirty-five feet wide between gutters. The streets were in a slippery and icy condition, but such condition had not lasted for a sufficient length of time to make the city liable therefor. The jury returned the following verdict:

"(1) Did the defendant city fail to maintain Kinzie avenue and Race street, at and in the vicinity of the intersection, reasonably safe for public travel thereon by reason of failing to maintain a suitable barrier at or near the north side of Race street west of the bridge over Root river? A. No.

"(2) Did the defendant city fail to maintain Kinzie avenue and Race street reasonably safe for public travel by maintaining a barrier across the bridge over Root river without suitable public warning to travelers approaching on Kinzie avenue from the south? A. 10 Yes, 2 No.

"(3) If you answer 'Yes' to either or both of the first two questions, then answer this: Was such lack of reasonable safety a proximate cause of the death of plaintiff's wife? A. No.

"(4) Did the plaintiff fail to use ordinary care in operating his car and thereby proximately contribute to produce his wife's death? A. 10 No, 2 Yes.

"(5) Did the plaintiff's wife, Anna, now deceased, fail to use ordinary care for her own safety at the time in question and thereby proximately contribute to produce her own death? *A.* 11 No, 1 Yes.

"(6) Did the placing of the barrier across the bridge at Root river without posting suitable warning thereof to travelers approaching from the south constitute a lack of ordinary care for the safety of travelers on the highway? *A.* 10 Yes, 2 No.

"(7) If you answer 'Yes' to the sixth question, then answer this: Was such lack of ordinary care a proximate cause of the death of plaintiff's wife, Anna? *A.* No.

"(8) What sum of money would fairly compensate the plaintiff for all his pecuniary injury resulting from the death of his wife, Anna? *A.* $3,000."

The court changed the answer to question No. 4 from "No" to "Yes," holding that plaintiff was guilty of contributory negligence as a matter of law in the manner in which he drove his car, and, as we understand it, more particularly because he drove without having chains.

After so changing the answer to the fourth question the court entered a judgment dismissing the complaint upon the merits, and the plaintiff appealed.

For the appellant there was a brief by *Randall, Cavanagh & Mittelstaed* of Kenosha, attorneys, and *Simmons, Walker & Wratten* of Racine, of counsel, and oral argument by *Charles F. Wratten* and *G. A. Mittelstaed.*

For the respondent there was a brief by *John H. Liegler,* city attorney, and *William D. Thompson,* of counsel, both of Racine, and oral argument by *Mr. Thompson.*

VINJE, C. J. The plaintiff contends that the trial court erred in not changing the jury's answer to the third and seventh questions of the special verdict relating to proximate cause; that it erred in changing the jury's answer to the fourth question of the special verdict finding plaintiff guilty of contributory negligence. It is also claimed that plaintiff's

negligence is not a bar to recovery in this case, relying upon the rule announced in *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739. Other errors are also assigned, but owing to the view taken of the case by this court it does not become necessary to discuss any of the alleged errors.

The jury's answers to the second and sixth questions are the only ones plaintiff can rely upon to sustain a judgment in his favor. These answers were, as a matter of law, not warranted by the evidence. The evidence shows that the barrier placed across the road near the entrance to the bridge could be plainly seen at the intersection of West Sixth street and Kinzie avenue even on the morning of the accident, which was somewhat misty. It is true the plaintiff testifies that he did not see it till he had traveled one third or one half the distance. But then he plainly saw it, and he had from 200 to 156 feet to travel before he reached the bridge, and he was going only ten miles an hour. The conditions that obtained gave him ample time to turn safely onto Race street, the turn being only at an angle of 134 degrees and the street being level and the width of an ordinary street. There is no duty devolving upon those in charge of highways to post notices of conditions of the road some distance therefrom when the barrier itself gives ample and timely warning. *Raymond v. Sauk County,* 167 Wis. 125, 129, 166 N. W. 29. Here the barrier was properly placed before the entrance to the bridge to keep travelers from going across and encountering a hill beyond that was dangerous owing to the icy condition of the streets. But Race street could be safely traveled, and there was another street leading to the right where Race street joined Kinzie avenue, and that street was safe for travel, though the turn was more abrupt than onto Race street. So Kinzie avenue could not be properly closed further south if Race and the other street were to be permitted to be used. And there was no reason why they should not be used. When a barrier is

plainly visible over 300 feet away, and at a point where vehicles must turn a right angle to come upon the street leading to it, it is in law a sufficient warning to travelers.

Perhaps the reason why the jury answered questions 2 and 6 "Yes" was owing to a misdirection by the court in its instruction under question 2. The court said:

"It appears that at the time in question the streets were generally very icy by reason of rain falling in the month of January, on the day of and the day before the accident, causing a glassy covering on the streets. . . . It was not reasonably preventable and had existed for too short a time to enable the city to counteract it. But the city was chargeable with notice that such a condition may naturally arise during the winter season, and it should so construct and maintain its streets as to make them reasonably safe for public travel under such a condition."

The instruction to the effect that the city "should so construct and maintain its streets as to make them reasonably safe for public travel under such a condition" was clearly erroneous. No such duty devolves upon those in charge of highways and streets, because it is impossible to discharge under climatic conditions that exist in Wisconsin. Streets and highways cannot be so constructed as to be reasonably safe for travel under icy conditions. The statute provides for a reasonable time for counteracting icy conditions before liability attaches because thereof. The jury were told the sixth question was very similar to the second but not the same. But whether or not this error in the instruction caused the affirmative answers, it is clear that there was no negligence on the part of the defendant in the construction or maintenance of its streets, and therefore no recovery can be had.

*By the Court.*—Judgment affirmed.