KELLER, Respondent, vs. CITY OF PORT WASHINGTON, Appellant.

*October 10—November 5, 1929.*

88

For the appellant there was a brief by *Jos. W. Collins,* attorney, and *Wm. B. Collins,* special counsel, both of Port Washington, and oral argument by *Wm. B. Collins.*

For the respondent there was a brief by *Schanen & Huiras* of Port Washington, and oral argument by *Peter M. Huiras.*

FOWLER, J. ˙ It is urged that the finding that the icy condition had existed for three weeks is not supported by the evidence, and this is probably correct, but the question is evidentiary only, not one of ultimate issuable fact, and the finding is immaterial.

Want of a barrier in a highway where its absence renders a highway unsafe constitutes an actionable defect, and whether its absence renders the highway unsafe is a jury question. *Branegan v. Verona,* 170 Wis. 137, 174 N. W. 468; *Bowen v. Osceola,* 185 Wis. 11, 200 N. W. 766.

It is contended that here there is no evidence to show that a barrier was necessary to reasonable safety of the street. But we consider that the finding must be sustained. The jury took a view of the premises. ˙ The evidence shows a steep hill, a ditch at the side, an embankment, that the automobile slipped off the embankment into the ditch, turned over two or three times and landed at the bottom of a ravine. These bare facts, with the aid of a view to assist in evaluating them, support the finding.

It is contended that under the evidence the plaintiff was guilty of contributory negligence as a matter of law. Under the rule of some of the Wisconsin cases this contention should be sustained, unless these cases are modified. A case exactly in point upon this proposition is *Raymond v. Sauk*

*County,* 167 Wis. 125, 166 N. W. 29. The plaintiff drove his automobile ·upon a freshly and excessively oiled road whereon the oil extended to the ditches at the side, and slipped off into a ditch and sustained injury. Three Justices joined in a dissent. Both the majority and minority opinions are to the point that if the plaintiff knew of the exact condition of the road he was guilty of contributory negligence in driving upon it. The majority held that the complaint showed that the plaintiff saw the oil, and he must be presumed to have known the inherent danger ˌfrom seeing it and was therefore negligent. The minority view was that although the plaintiff saw the oil it. was a question for the jury whether the inherent dangers were apparent from sight; and that the plaintiff should have been permitted to offer proof that the dangers were unknown to him. In either view the plaintiff was considered guilty of contributory negli· gence as matter of law if he knew of the inherent danger. There is no difference whether a street be dangerously slippery from·oil or from ice. The evidence of this case is undisputed that the plaintiff knew the precise condition of the hill. He had driven·over it daily, and had driven over it on the day of the accident previous to the accident. The danger of slipping and of slipping off into the ditch was known by him. In driving up the hill he assumed the risk of slipping, and assumption of risk is a form of contributory negligence. If the ruling of the *Raymond Case* is adhered to, this case must be reversed.

Indirectly supporting this view are the sidewalk cases. *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087, considers the previous sidewalk cases and confirms the rule that when one walks on a sidewalk containing a defect of which he knows and is injured by it, he is guilty of negligence unless at the immediate time he forgets its existence and shows circumstances reasonably excusing his forgetful-

ness. We cannot avoid the bearing of this case upon the point by considering, as perhaps we might do with reason, that the rule is less reasonably applicable to drivers upon highways than to pedestrians upon sidewalks; for the same rule has been applied to drivers of teams upon highways. In *Petrich v. Union,* 117 Wis. 46, 93 N. W. 819, the sidewalk rule is squarely approved. The injury involved was sustained by driving in the dark into a rut or ditch known by the driver to exist. The court, after stating the rule of the sidewalk cases, says: "So in the present case, had the evidence shown simply that plaintiff had previous knowledge of the ditch or rut, it would have been the duty of the court to direct a verdict for the defendant; but there were explanatory circumstances" from which the inference of temporary forgetfulness might be drawn. Here no such inference can be drawn. It is plain from the evidence that the plaintiff did not forget its icy condition when he started up the hill.

The case of *Coppins v. Jefferson,* 126 Wis. 578, 105 N. W. 1078, involving an injury while driving on a road, restates the rule of the sidewalk cases and recognizes it as applying to roads, but held that the case was for the jury because in the dark the driver thought he had passed the place of the defect that caused the injury.

There are several other cases where plaintiff was driving upon a highway known to him to contain defects in which his negligence was held to be a jury question which should be considered in determining whether the plaintiff here was negligent as matter of law. In *Luedke v. Mukwa,* 90 Wis. 57, 62 N. W. 931, it was held not negligence as a matter of law for one knowing of the generally defective condition of a corduroy road to drive upon it when covered with water where the water concealed the depth of a hole into which his wagon dropped. In *Jenewein v. Irving,* 122 Wis. 228, 99 N. W. 346, 903, a woman on a country road was driving

across a culvert after a freshet when water was running over the road and concealed the culvert's end and the rig tipped over into a deep hole at the end of it and the woman drowned. It was held that she was not guilty of negligence as a matter of law in view of the facts that the fence lines at the sides of the road marked the road limits, that she entered the water midway between the fences with taut lines and had seen others drive through immediately before she started to cross. In *Schmidt v. Franklin,* 164 Wis. 128, 159 N. W. 724, the court held that plaintiff's negligence was a jury question where she was riding at dusk on a highway and sustained injury through the rig dropping into a hole the depth of which was concealed by water, although the highway, to the driver's knowledge, was generally defective because of a series of mud holes.

In all these cases holding that plaintiff's negligence was a jury question the extent or precise location of the defect causing the injury was not apparent from observation by the driver. And there are other cases in which the driver's negligence was a jury question where he knew of a generally defective condition but could not observe the precise extent of the defect causing the injury. But in this case the icy condition and the precise contour of the road surface were known to plaintiff.

Upon consideration of the cases above stated we are of opinion that under such circumstances as are here involved the question of plaintiff's negligence should be submitted to the jury. But this does not necessarily require affirmance of the judgment in this case because the fact on which plaintiff's negligence must be grounded, if he was negligent, was not submitted to the jury at all. The question submitted to determine plaintiff's negligence should have been, in substance, not was he negligent in handling his automobile at the immediate time of the injury, but was he negligent in attempting to climb the hill under the circumstances existing?

Ordinarily not submitting the precise question would not be error in absence of a request for its submission and the fact would be considered as determined by the court in support of the judgment. Sec. 270.28, Stats. But the statute should not be applied here because the trial judge considered that the plaintiff had the legal right to use the street regardless of his knowledge of its dangerous condition and regardless of there being a safe way around. He refused to allow defendant's counsel to show that a safe way around existed and stated in connection that the plaintiff had the right to use the road. In this view the trial judge presumably would not have submitted the question had he been requested to do so. His determination of the question, if presumed, would rest upon this view, which was erroneous. It has been held that if one voluntarily travels a road to his knowledge so obviously dangerous that a person of ordinary care, knowing of its condition and of the existence of another accessible and safe road which he might use, would not travel over it, he is negligent as a matter of law. The only mention in the Wisconsin cases of the fact of availability of another way is in the dissenting opinion in the *Raymond Case,* wherein (p. 130) it is stated no other way was available. The general rule as above stated is supported by *Shriver v. Marion County Court,* 66 W. Va. 685, 66 S. E. 1062; *Wellman v. Borough of Susquehanna Depot,* 167 Pa. St. 239, 31 Atl. 566; *Hill v. Tionesta Tp.* 146 Pa. St. 11, 23 Atl. 204; *Buckingham v. Commary-Peterson Co.* 39 Cal. App. 154, 178 Pac. 318; *Stonecipher v. Booth & Flinn, Ltd.* 51 Pa. Super. Ct. 50; *Kuhns v. Upper Allen Tp.* 57 Pa. Super. Ct. 387. In *McManamon v. Hanover Tp.* 232 Pa. St. 439, 81 Atl. 440, it is held that when one uses a road under the conditions just stated and the alternate road is also somewhat but less dangerous, whether he is negligent is a jury question. We consider that whether the danger is so obvious as to bring it within the rule is for the jury, and it was for the jury here.

Under this view the court erred in rejecting the testimony offered respecting an alternate safe street. Under all the cases last cited this was error. To this point are also *Calvert County Comm'rs v. Gibson,* 36 Md. 229, and *Walker v. Decatur County,* 67 Iowa, 307, 25 N. W. 256.

The defendant should have been permitted to show that there was another street that plaintiff might have used, if there was one, and to show its condition and availability, and the obviously dangerous condition, if such existed. If such a street and plaintiff's knowledge of it had been shown, the court should have submitted the case to the jury to determine whether the plaintiff was negligent in using the street he did use under all the circumstances.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.