LOEHE, Respondent, vs. VILLAGE OF FOX POINT, Appellant.*
TAMMINEN, Respondent, vs. SAME, Appellant.*

*September 16—October 12, 1948.*

* Motion for rehearing denied, with $25 costs, in one case only, on December 15, 1948.

376

For the appellant the cause was submitted on the briefs of *Maxwell H. Herriott* of Milwaukee.

*Joseph P. Meyeroff* of Milwaukee, for the respondents.

FRITZ, J.    The injuries in question were sustained by plaintiffs when the automobile operated by Edward Schreck, and in which the plaintiffs and James Van Alstyne were riding,

struck the westerly side of the fourteen-inch-wide trunk of a tree and stopped there less than one foot south of the tree. There is virtually no conflict in any substantial respect as to the material facts stated in the affidavits filed on behalf of either of the parties in relation to the motion for summary judgment.

The collision occurred on July 6, 1947, at about 3:30 a.m. At the time of the collision it was foggy. Schreck stated in his affidavit that the lights of his automobile were on and shining. He was driving east on East Fox lane at a point where that street makes a right-angle turn to the north. The vehicular-traveled portion of the street consisted of hard-surfacing macadam eighteen feet wide, with about one and one-half feet of gravel on each side; but at the turn it was twenty-two feet in width. At the turn there were twelve guard or warning posts, five feet apart and three feet high, with the upper portion painted white and the lower painted black. Schreck stated he failed to observe that the street turned at a right angle to the north until he was at about the turn; and that,—

". . . as soon as he saw the white-topped guard posts ahead of him and on his right, along the outer edge of East Fox lane, which at this point turns at right angles to the north, he immediately put on his brakes, but said automobile skidded and the two right wheels of his car went off the highway to the east as he made the left-hand turn, and the right front portion of said automobile collided north of said turn with a large tree growing on the grassy shoulder east of the traveled portion of said East Fox lane; that affiant to the best of his knowledge and belief had never before driven over East Fox lane, and when driving east on East Fox lane toward said turn was going between twenty and thirty-five miles per hour."

The village patrolman, who arrived at the place of the accident about 4:20 a.m., and saw the automobile where it collided with the tree, noted skid marks of the tires of said automobile extending from said automobile southerly toward the turn, and measured said skid marks and found them to be fifty-one feet in length. The marks on the roadway show that the automobile reached the wider portion of the graveled part,

and then skidded twenty-one feet before striking the tree. At that point there were eighteen inches of gravel between the eighteen-feet-wide-macadam surface and the twenty-three-inches-wide strip of grass between the westerly side of the tree and the traveled roadway. Schreck told the patrolman he was driving approximately thirty-five miles per hour.

The plaintiff Esther Tamminen stated in her affidavit that while seated in the front seat and looking straight ahead at the road immediately prior to the collision she did not see any warning signs, posts, or reflectors; and that Schreck was driving between twenty and twenty-five miles per hour. She also stated he told her that he did not see the white posts until after the accident. In the affidavit of Gertrude Loehe she stated the speed of the car was about twenty-five miles per hour, and she did not see any warning signs, posts, or reflectors. In James Van Alstyne's affidavit he stated the automobile was traveling at about twenty-five miles per hour; that the lights were lit and shining; that he was watching the road and looking straight ahead; and that up until the car struck the tree he did not see warning signs, posts, or reflectors. In an affidavit by plaintiffs' attorney, he stated that about fifteen to twenty feet south of the tree the graveled portion next to the hard-surfaced part of the road extended about four feet to the east of that surface; and that an automobile making a wide-left-hand turn at that point using the graveled portion of the road for such turn could not proceed to the macadam portion of the road without striking part of the tree.

The plaintiffs contend the close proximity of the tree to the road and the failure of the village to have some warning or reflector signs or lights at all near the turn constituted negligence; and that as the night was foggy the driver Schreck did not see the turn in the road, with which he was unfamiliar. The slightly conflicting statements as to whether Schreck's speed was between twenty to twenty-five miles or between twenty to thirty-five miles per hour are material only on the issue as to negligence on his part. They are of little signifi-

cance on an issue in relation to the condition or insufficiency or want of repair of the highway and consequent negligence on the part of the defendant. And in respect to the latter issue there is no conflict in the proof submitted on the hearing of the motion for summary judgment.

The only recovery authorized under sec. 81.15, Stats., is for damages to any person or his property by reason of insufficiency or want of repair of any highway which any village is bound to keep in repair. There is no statute which requires warning signs or reflectors to be erected at such a turn or under conditions such as existed on the highway involved herein. There is no basis for any claim that the view on and along East Fox lane, including the turn, was in any respect impaired or concealed otherwise than by the ordinary darkness of the night and the fog; or that the surface of the roadway and the adjacent space between the macadam and the tree, consisting of eighteen inches width of gravel and twenty-three inches of grass, was defective or deceptive in any respect. Plaintiffs' only complaint in relation to the condition of the highway is that about fifteen or twenty feet south of the tree the eighteen-inches-wide-gravel strip at the turn was four feet wide. There is nothing in the record because of which that can be deemed to constitute an actionable insufficiency or want of repair, under sec. 81.15, Stats. And excepting in that respect, there was no unusual feature or condition of the road or the right-angle turn which can be deemed to require the village to erect a warning sign or reflector for a motorist using ordinary care with respect to lookout and speed. The mere existence of a right-angle turn in the roadway is not *per se* an insufficiency in the highway. There was no duty on the part of the village to give any warning of road conditions which in and of themselves provide ample and timely notice to one using the highway with due care. *Raymond v. Sauk County,* 167 Wis. 125, 166 N. W. 29; *Lindgren v. La Crosse County,* 231 Wis. 347, 285 N. W. 772; *Buckley v.*

*Washington County,* 189 Wis. 176, 207 N. W. 558; *Butcher v. Racine,* 189 Wis. 541, 208 N. W. 244.

From the facts and circumstances stated above, it is evident that although the law did not prescribe that the village was bound to put up such white warning posts, they had been put there by it; but nevertheless because of the speed at which Schreck was driving, notwithstanding the fog, he failed to perceive those posts in time to reduce his speed and make the turn in safety. Thus, it was because of impaired visibility by reason of the fog and the speed at which Schreck was driving that the collision occurred; and that it was not due to any negligence on the part of the village in respect to the insufficiency or want of repair of the roadway or the installation of additional warning signs or reflectors.

It follows that the court erred in denying defendant's motions for summary judgment dismissing the complaints.

*By the Court.*—Orders reversed, and causes remanded with directions to enter judgment dismissing the complaint in each action.

The following memorandum was filed December 15, 1948:

FRITZ, J. (*on motion for rehearing*). On plaintiffs' motion for rehearing, attention is called to an error because of which the first sentence in the opinion is hereby corrected to read: "The injuries in question were sustained by plaintiffs when the automobile operated by Edward Schreck, and in which the plaintiffs and James Van Alstyne were riding, struck the westerly side of the fourteen-inch-wide trunk of a tree and stopped there less than one foot south of the tree." This statement is in accord with the undisputed facts in that respect, including a statement in Schreck's affidavit which is quoted in the opinion. The erroneous statement in that respect was neither involved nor material in determining that the collision was not due to any insufficiency or want of repair of the roadway, etc.

*By the Court.*—Motion for rehearing denied with costs.