ESTATE OF BRAY: DOHENY, Appellant, vs. CRAWFORD, Administrator *de bonis non,* and others, Respondents.*

*September 7—October 3, 1950.*

* Motion for rehearing denied, with $25 costs, on December 5, 1950.

For the appellant there was a brief by *Charles A. Wilson* of Superior, attorney, and *Stetson & Jacobson* of Minneapolis, Minnesota, of counsel, and oral argument by *A. W. Richter* of Milwaukee.

For the respondents there was a brief by *Crawford & Crawford,* and oral argument by *Ray A. Crawford* and *Arthur Cirrilli,* all of Superior.

GEHL, J. John P. Bray, a resident of North Dakota, leaving property in Wisconsin, died in South Africa on December 20, 1917. His will dated June 19, 1916, provided, among other things:

"Second—I give, devise, and bequeath to my trustees hereinafter named, or the survivor of them, all the rest, residue, and remainder of my estate, real and personal, of whatsoever kind and wheresoever situated, in trust nevertheless, to invest, reinvest, and keep the same invested, and to collect the rents, issues, and profits thereof, and to pay the same annually to my wife, Winifred Bray, during her natural life, and after her death to distribute the principal of said trust fund to my

heirs and next of kin in equal shares, except my sister Mary to whom I bequeath two hundred dollars ($200)."

The trial judge held that the interest of the remaindermen in the estate vested in them at the date of the death of the life tenant, Winifred Bray, who died in 1948.

Respondents contend and the trial court considered that the terms of the will must be construed in the light of the law as it was when the will was executed, in this instance the law as declared in *Cashman v. Ross,* 155 Wis. 558, 145 N. W. 199, decided in 1914, before the execution of the will.

In the *Cashman Case* the will, after granting a life estate to testator's widow, provided that after the death of the widow the property should be "divided equally between my [testator's] children." It was held that no interest or estate vested in the children until the death of the life tenant.

But in *Will of Roth,* 191 Wis. 366, 210 N. W. 826, decided in 1926, after John P. Bray's death and before the death of his widow, the court in express terms overruled the *Cashman Case, supra.* In the *Roth Case, supra,* the will, after specific bequests, gave the residue of the estate in trust to pay the income to testator's widow, and directed that upon her death the estate be distributed "equally among my [testator's] children." It was held, in accordance with the rule that it is the preference of the law for a construction which will vest an estate at the earliest opportunity, that the residue of the estate vested in testator's children at the date of his death.

The remaindermen in the instant case did nothing in reliance upon the pronouncement of the court in the *Cashman Case,* nor did they acquire any rights under and in accordance with that declaration. Therefore, the decision in the *Cashman Case* never was the law. 14 Am. Jur., Courts, p. 345, sec. 130; *Nickoll v. Racine Cloak & Suit Co.* 194 Wis. 298, 216 N. W. 502; *Laabs v. Tax Comm.* 218 Wis. 414, 416, 261 N. W. 404. In the latter case, discussing the question whether

a decision overruling and repudiating an earlier decision operates prospectively or retrospectively, the court said:

"The Blackstonian doctrine, which is generally held, is that the later decision is retrospective in operation for the reason that courts declare but do not make law. In consequence, when a decision is overruled, it does not merely become bad law,—it never was the law, and the later pronouncement is regarded as the law from the beginning."

As stated in the opinion following the above quotation, the courts which have adhered to this rule have created certain exceptions. This case does not fall into the class of any of the exceptions there referred to.

It follows therefore that the pronouncement of the court in the *Roth Case,* though not earlier made, has always been the law and that, in accordance therewith, it must be held in this case that the residue of testator's estate vested in the remaindermen at the date of his death.

Respondents contend that by use of the phrase "heirs and next of kin" testator expressed his intent that the remainder of his estate should go only to his brothers and sisters as next of kin. The answer to that contention is contained in their own admission, properly made, that the terms "heirs" and "next of kin" are not synonymous. By the use of both terms the testator designated two classes of beneficiaries without indicating any preference of the one over the other.

We conclude that the interests of the remaindermen vested in his heirs and next of kin at the date of the death of testator.

*By the Court.*—Judgment reversed, and cause remanded with instructions to construe the will as herein indicated.

The following opinion was filed December 5, 1950:

GEHL, J. ( *on motion for rehearing* ). Respondents move for a rehearing upon the ground that we have ignored the well-established rule that the cardinal principle in the construction

of wills is that the intention of the testator must be ascertained, that the Blackstone doctrine referred to in our original opinion deals with the substantive law and the rights of individuals and not with the problem of construing wills. They assert, as they did in their original briefs, that the rule of *Cashman v. Ross,* 155 Wis. 558, 145 N. W. 199, a declaration that the law as it existed at the death of the life tenant, must be applied.

Respondents agree, as of course they must, that wills must be construed in the light of some law. The court must apply the law as it is, not as it has been erroneously declared. That is precisely what was done in *Will of Roth,* 191 Wis. 366, 210 N. W. 826, where the court was faced with the problem of ascertaining the intention of the testator, as we are here, and did so in the light of what it then determined the law to be.

Appellant joins with respondents in the request that we designate the parties who are to share under the construction which we have placed upon the will. To do so would require this court to make findings and an original determination. This we cannot do. The constitution, sec. 3, art. VII, provides that the supreme court "shall have appellate jurisdiction only," except as otherwise in the constitution provided. There is no exception named which would permit us to proceed as requested by counsel. The court is therefore without power to make findings and order judgment according to the facts found. 3 Am. Jur., Appeal and Error, p. 666, sec. 1155.

*By the Court.*—Motion for rehearing is denied with $25 costs.