HERITAGE MUTUAL INSURANCE COMPANY, Respondent, v.
SHEBOYGAN COUNTY, Appellant.

*October 30—November 27, 1962.*

For the appellant there was a brief and oral argument by *Alexander Hopp,* corporation counsel.

For the respondent there was a brief by *Holden & Peckham* of Sheboygan, and oral argument by *Verlin H. Peckham.*

DIETERICH, J.   An insured of Heritage, one Milton Sebald, was the owner of a vehicle involved in a one-car accident on County Trunk JJ, located in the county of Sheboygan, which runs in an easterly direction from Highway 57. In the area where the accident occurred County Trunk JJ changed from blacktop to gravel. On the day of the accident, July 31, 1959, the gravel portion of JJ was in the process of being graded. The gravel had been pushed into a ridge or windrow around eight or nine inches high and

two to two and one-half feet wide, leaving a lane approximately eight feet wide to the south and about a 20-foot lane to the north of the windrow.

During the noon hour on a clear day, Eugene Sebald, son of Milton Sebald, accompanied by four girls as passengers, was traveling east on JJ from Highway 57 at a speed of 60 to 65 miles per hour. The first mile of JJ was a rolling blacktop road. Sebald saw the orange painted grader from a hillcrest but did not notice the windrow of gravel until some 45 yards from the gravel portion of JJ. There was no warning sign.

Measurements taken at the scene of the accident by a Sheboygan county patrolman indicate that Sebald traveled in the eight-foot lane to the south for 86 feet, then crossed about 20 feet to the east onto the north lane, which he traveled for 510 feet and then he recrossed the windrow and returned to the south lane which he traveled for 45 feet before leaving the road and driving for an additional 56 feet before overturning.

All passengers in the car were injured. Heritage Mutual Insurance Company settled all claims with the injured parties and received releases which included the release of the county of Sheboygan.

By its answer, the county of Sheboygan admits that the settlements made by Heritage were fair and reasonable. Thus, the only questions submitted to the jury on the special verdict were questions requiring an apportionment of the negligence of the various parties.

The jury by its special verdict found that County Trunk JJ, at the time of the accident, was not reasonably safe for public travel by reason of the absence of a warning sign and that such negligence was causal; that Sebald was causally negligent with respect to speed, lookout, control and

management, and apportioned the negligence with respect to all injuries, except for those of one passenger, at 80 percent to Eugene Sebald and 20 percent to Sheboygan county.

With respect to the injuries of the girl who sat in the front seat next to Sebald and knew how fast he was driving, the jury by its special verdict attributed negligence of 20 percent to Sheboygan county, 75 percent to Sebald, and five percent to the girl.

Two issues have been raised by defendant county of Sheboygan on this appeal:

(1) Whether Sheboygan county is liable only to a due-care user under sec. 81.15, Stats., or whether the negligence of the respective parties is compared pursuant to sec. 331.045, and

(2) Whether the negligence of Sebald was an intervening cause thereby relieving Sheboygan county of liability.

The decisions of this court establish that the instant case, which is based upon the absence or want of a barrier in the highway or warning signs which renders the highway unsafe, constitutes an actionable defect under sec. 81.15, Stats.[1] *Keller v. Port Washington* (1929), 200 Wis. 87, 227 N. W. 284. Therefore, the comparative-negligence statute (sec. 331.045) applies to actions brought under the provisions of sec. 81.15. *Hales v. Wauwatosa* (1957), 275 Wis. 445, 82 N. W. (2d) 301. By implication, therefore, the provisions of sec. 81.15 would extend to compensate any person for injuries received as the result of an accident, if such person were found less causally negligent with respect to that accident than the town or county.

---

[1] Sec. 81.15 "DAMAGES CAUSED BY HIGHWAY DEFECTS; LIABILITY OF TOWN AND COUNTY. If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city, or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city, or village, . . ."

As the trial court correctly concluded, reference to the due-care user has to do with the condition of the highway and not to the manner in which a person travels over it. The jury was instructed as follows:

"You are instructed that counties are not required by law to keep their highways in perfect condition, nor are they bound to make their highways absolutely safe for all persons. They are required to keep them only in a reasonably safe condition. The duty of a county is to put and maintain the highway in such a condition that it would be reasonably safe for public travel on it by persons who exercise ordinary care in traveling over the highway. Reasonable safety for travel thereon by persons using ordinary care in that respect is the essential requirement and the legal test of the sufficiency of the highway. It was the duty of the county at the time in question to so maintain this highway as to make the same reasonably safe for travel by persons exercising ordinary care. Counties are not the insurers of the safety of travelers upon their highways."

The jury found that County Trunk JJ was not reasonably safe for a due-care user because there was no sign warning such user of the grading operation.

Other questions are raised by counsel with respect to whether the county had a duty to post signs and barricades warning of the grading operation. Whether the absence of signs or barriers renders a highway unsafe is a jury question. *Keller v. Port Washington, supra.*

The rule is that when a jury's findings are attacked, particularly when they have had the trial court's approval, as in the instant case, our inquiry is limited to the issue whether there is any credible evidence that under any reasonable view supports such findings. The jury in evaluating the evidence in the instant action had the benefit of a view of the scene of the accident, and therefore was in a better position than this court to determine whether the absence

of warning signs on County Trunk JJ was a negligent act on the part of the county.

Sheboygan county further contends that the negligence of Sebald was an intervening cause of the accident and resulting injuries and that therefore Sheboygan county is relieved of liability.

*Strahlendorf v. Walgreen Co.* (1962), 16 Wis. (2d) 421, 429, 114 N. W. (2d) 823, quoted the following from *Ryan v. Cameron* (1955), 270 Wis. 325, 331, 71 N. W. (2d) 408:

" 'Where intervening cause of another is interposed as a defense by a defendant charged with negligence who was the first actor, the jury is first required to find whether the found negligence of such first actor was a substantial factor in causing the accident on which liability is sought to be predicated. *Pfeifer v. Standard Gateway Theater* (1952), 262 Wis. 229, 55 N. W. (2d) 29. If the jury does find that the negligence of the first actor was a substantial factor in causing the accident, then the defense of intervening cause is unavailing unless the court determines as a matter of law that there are policy factors which should relieve the first actor from liability. Ibid. As Professor Richard V. Campbell points out in his recent article in January, 1955 Wisconsin Law Review, 5, at page 40, it is at this point that the principles of Restatement, 2 Torts, p. 1196, sec. 447, should be used by the court as an aid in deciding such policy factors.' "

The jury did find that the negligence of the first actor (Sheboygan county) was a substantial factor in causing the accident. Because we determine there are no policy factors which would relieve Sheboygan county from liability the intervening-cause defense drops out of the case.

The new rule established by this court in *Bielski v. Schulze* (1962), 16 Wis. (2d) 1, 114 N. W. (2d) 105, relating to liability for contribution does not apply to the

instant action because the judgment entered on February 23, 1962, was entered upon the old rules and no motion was made to vacate the judgment or appeal taken prior to March 6, 1962.

*By the Court.*—Judgment affirmed.

GORDON, J. (*dissenting*). In my opinion, there was no duty on the part of Sheboygan county to give special notice of its grading operation to persons in this driver's position. Under the circumstances, the grading activities themselves were entirely adequate notice.

The accident occurred in broad daylight; the weather was clear, bright, and dry. Mr. Sebald observed the county's grading machine 600 feet before he reached the portion of the highway being graded. He had traveled this road many times before the accident and knew that the road surface changed to gravel at this point. The gravel ridge was eight inches high and two feet wide and was completely visible. There was nothing hidden, obscure, or camouflaged about the condition of the highway. In fact, the grading work was fully visible to drivers from a crest which was not less than 288 feet away.

It should also be noted that the accident did not occur at the onset of the gravel ridge. Mr. Sebald testified that he traveled on the gravel about 86 feet, then crossed over the gravel ridge and proceeded another 510 feet. He then crossed back over the gravel ridge and did not leave the highway until 45 feet thereafter.

It seems to me that under these circumstances there is no negligence on the part of the county in failing to give some other type of notice to Mr. Sebald. The open and obvious presence of the county's orange-colored grader and of the gravel ridge itself was reasonably calculated to constitute notice. Had this occurred in the nighttime or under

otherwise obscured conditions, a jury question might have been presented.

In *Loehe v. Fox Point* (1948), 253 Wis. 375, 379, 34 N. W. (2d) 126, we said:

"There was no duty on the part of the village to give any warning of road conditions which in and of themselves provide ample and timely notice to one using the highway with due care."

There are numerous cases involving road barriers which apply the same doctrine. *Butcher v. Racine* (1926), 189 Wis. 541, 208 N. W. 244; *Buckley v. Washington County* (1926), 189 Wis. 176, 207 N. W. 558.

I am authorized to state that Mr. Justice CURRIE and Mr. Justice HALLOWS join in this dissent.