OLSON and others, Plaintiffs, v. AUGSBERGER and another, Defendants and Respondents: CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, Defendant and Appellant.

*October 30—November 27, 1962.*

For the appellant there was a brief by *Bender, Trump, Davidson & Godfrey,* attorneys, and *Richard R. Robinson* of counsel, all of Milwaukee, and oral argument by *Mr. Robinson.*

For the respondents there was a brief by *Humke, Poole & Axel* of Sheboygan, and oral argument by *John M. Poole.*

HALLOWS, J.  At the outset we point out this appeal is properly taken only from the judgment. The order for judgment and the order denying the motion to review and modify the judgment are not appealable orders.[1] In *Bielski v. Schulze, supra,* we determined the amount of contribution between joint tort-feasors having a common liability was to be determined in proportion to the causal negligence attributable to each in the verdict. The new rule was applied retrospectively except in three classes of cases. Generally when a court overrules a doctrine of common law, the new rule of the decision applies retroactively. *Will of Allis*

---

[1] Sec. 274.33, Stats.; see Walther, Wisconsin Supreme Court Practice—Appealability of Orders and Judgments, Vol. 2, No. 4, Wisconsin Continuing Legal Education (Oct. 1962), p. 23.

(1959), 6 Wis. (2d) 1, 9, 94 N. W. (2d) 226; *Estate of Bray* (1950), 257 Wis. 507, 509, 44 N. W. (2d) 245; 14 Am. Jur., Courts, p. 345, sec. 130. See *Theisen v. Milwaukee Automobile Mut. Ins. Co.,* ante, p. 91, 118 N. W. (2d) 140, which applied retroactively the rule of *McConville v. State Farm Mut. Automobile Ins. Co.* (1962), 15 Wis. (2d) 374, 113 N. W. (2d) 14. However, this court can limit the retrospective operation of a decision and make it exclusively prospective or applicable to the case and condition its prospective operation. *Kojis v. Doctors Hospital* (1961), 12 Wis. (2d) 367, 373, 107 N. W. (2d) 131, 107 N. W. (2d) 292; *Great Northern R. Co. v. Sunburst Oil & Refining Co.* (1932), 287 U. S. 358, 53 Sup. Ct. 145, 77 L. Ed. 360. The basis of the court's choice in our latest cases is well set forth in the recent law-review article of Mr. Justice THOMAS E. FAIRCHILD.[2] The rule-making power of the court under sec. 251.18, Stats., has no application to the power of the court to determine the effective date or the conditions of the application of a new rule of substantive law. There is no merit in the argument of the appellant that the limitations on the retrospective operation of *Bielski* are invalid.

The appellant further contends it is entitled to proportional contribution because this case does not come within any of the three exceptions of the application of the rule retrospectively and also because it properly raised the issue in the trial court and preserved its rights on appeal. The only exception in the retrospective application of the rule which might bar the appellant from its benefits is the language in *Bielski* providing the rule would not apply (p. 19), "where a judgment based upon the old rules has been entered and no motion to vacate it has been made or appeal

[2] Recent Developments in the Area of Torts, 46 Marquette Law Review (1962), 1.

taken before this date" (March 6, 1962). The purpose of this exception was to prevent a judgment settled on the old rule from being disturbed on appeal solely on the ground of the new rule. The exception contemplated a judgment was settled upon the old rule unless a motion to vacate it had been made or an appeal had been taken on some ground other than the new rule which had not yet been announced. A judgment which was under attack at the time the *Bielski* decision was rendered is entitled to receive the benefits of the new rule unless it came under the other two exceptions. In *Longberg v. H. L. Green Co.* (1962), 15 Wis. (2d) 505, 113 N. W. (2d) 129, 114 N. W. (2d) 435, originally decided on February 6, 1962, a motion for rehearing was filed and pending on the date of the *Bielski* decision and we held the case did not fall within any of the three excepted classifications. A case decided today where the judgment was not under attack and came under the first exception is *Heritage Mut. Ins. Co. v. Sheboygan County,* ante, p. 166, 118 N. W. (2d) 118.

This is an unusual case in that prior to the judgment and before the decision of *Bielski,* the defendant railroad moved the trial court on motions after verdict for contribution on a proportional basis, properly preserved its right on appeal, and thus raised the same issue presented in *Bielski.* The first excluded class of cases to the retrospective application of *Bielski* did not contemplate this situation although its language is broad enough to cover the instant case. It would be unjust to deny the defendant railroad the right to proportional contribution because it did not appeal before March 6th when it at that time had raised the issue in the trial court. The language of this exclusion must be modified to except therefrom the instant case. This requires a reversal of that part of the judgment dealing with the amount of the contribution.

*By the Court.*—That part of the judgment appealed from is reversed, with directions to enter judgment of contribution in favor of the defendant-respondents Frederick John Augsberger and Farmers Mutual Automobile Insurance Company against the defendant-appellant Chicago, Milwaukee, St. Paul & Pacific Railroad Company, and a judgment in favor of the defendant-appellant against the defendant-respondents in accordance with the rule of *Bielski v. Schulze.*