BENZSCHAWEL and husband, Appellants, v. STOLL, M.D., Respondent.

*No. 142. Submitted under sec. (Rule) 251.54 May 8, 1974.—Decided June 17, 1974.*
(Also reported in 218 N. W. 2d 748.)

212

The cause was submitted for the appellants on the brief of *Kersten & McKinnon*, attorneys, and *George P. Kersten* of counsel, all of Milwaukee, and for the respondent on the brief of *Everson, Whitney, Everson, Brehm & Pfankuch, S. C.,* of Green Bay.

PER CURIAM. The Benzschawels note in their brief that while this case was on appeal this court in *Shier v. Freed-*

*man* (1973), 58 Wis. 2d 269, 206 N. W. 2d 166, 208 N. W. 2d 328, changed the rule in Wisconsin and abrogated the locality rule as the standard of medical practice and care. In deciding *Shier* this court was aware of the instant case being on appeal and that it involved the same question. In spite of this rule, the court made its decision applicable to *Shier* and prospective as to other cases. In *Shier*, the court determined it would be useless to grant a new trial because on the facts of that case the denial of a national standard would not be prejudicial.

Benzschawels argue this case is governed by *Olson v. Augsberger* (1962), 18 Wis. 2d 197, 118 N. W. 2d 194, and *Shier* should apply to it. The facts are somewhat similar. In *Bielski v. Schulze* (1962), 16 Wis. 2d 1, 114 N. W. 2d 105, we changed the rule of contribution between joint tort-feasors. We made the rule applicable to *Bielski* but with limitations against retroactive application which would have precluded proportionate contribution in the *Olson Case*. In modifying the limitation of *Bielski,* we pointed out that before the decision in *Bielski* the defendant in *Olson* had properly preserved his right and had in fact requested apportionment between it and the other joint tort-feasor on a proportionate basis. As the case stood at that moment it raised the same question between the joint tort-feasors as was presented in *Bielski*. Under these facts, this court thought it would be unjust to deny the railroad joint tort-feasor the right to proportionate contribution.

However, in the present case we do not find the issue of the locality rule was properly raised in the trial court. We would not be adverse to extending the benefit of the abrogation of the locality rule in the instant case if the question had been properly raised and preserved. No place in the record do we find the Benzschawels objecting to the locality instruction or asking for instructions of a national standard. After the court had instructed the

jury, the trial judge inquired whether counsel for either side wanted to object to or call the attention of the court to anything about the instruction as given. Benzschawels said they did not. From the record, apparently the first time the Benzschawels made any objection to the locality instruction was by way of motions after verdict. This objection comes too late.

We have no doubt the facts of this case could have called for the application of a national standard of care, but the negligence alleged, if proved, would seem to us from the evidence to have been a violation of the national and the local standard of medical care. The issue was not the standard so much as whether Dr. Stoll performed the alleged acts in his surgery.

Benzschawels argue they should be granted a new trial in the interests of justice on three grounds: The jury was confused; three times they reported they were deadlocked; and Dr. Keiser, original codefendant, obtained a nonsuit on the ground he had no knowledge of the actual surgery done by Dr. Stoll and therefore could not be held negligent for failure to object to negligent surgery and then demonstrated he had complete knowledge of surgery because as an eyewitness he testified Dr. Stoll did not commit the acts of negligence alleged by the plaintiffs. Furthermore, a Dr. McCormick was presented on behalf of Dr. Stoll as an expert and testified approximately a full day with the use of charts, drawings and pictures. After the testimony he admitted he was not an expert in the fields in which he was giving an opinion. A jury is not confused because it is temporarily deadlocked. A general practitioner may not know whether a duct should or should not be cut in a surgical operation but as an eyewitness will know if it were cut. Whether Dr. McCormick was or was not an expert was for the court to decide upon proper objection. The test of granting a new trial in the interests of justice is whether this court is convinced that

there was a probable miscarriage of justice. In viewing the case as a whole, this court must be convinced to a reasonable certitude that if there were a new trial it would probably effect a different result. *Lock v. State* (1966), 31 Wis. 2d 110, 142 N. W. 2d 183; *Bohlman v. American Family Mut. Ins. Co.* (1974), 61 Wis. 2d 718, 214 N. W. 2d 52; *Savina v. Wisconsin Gas Co.* (1967), 36 Wis. 2d 694, 154 N. W. 2d 237. And, this does not mean that this court might think if a different jury would have decided the case, a different result would have been effected. The grounds asserted for a new trial here, if eliminated in a new trial, must have the reasonable probability of effecting a different result. We think the grounds are insufficient.

*By the Court.*—Judgment affirmed.